THE STATE ex rel. STOTTS, Collector, v. WALL et al., Appellants.

**Division One, December 22, 1899.**

1. **Levee District: QUESTIONS FOR COUNTY COURT.** It is for the county court to determine whether or not all the lands embraced in a levee district are liable to overflow from a point of danger common to all, and whether or not all lands therein will be benefited by a common levee. Those matters can not be considered by the circuit court in a suit by the collector to recover certain assessments imposed on the lands for levee purposes.

2. ———: ASSESSMENTS. An assessment can not be laid for levee purposes unless authorized by a meeting of the whole district, and when laid it must cover all the land in the district. The board of directors of a levee district can not say that some lands in the district will be improved by the levee and some not, nor divide the district, giving protection to the part they think needs it and leaving unprotected the part they think does not need it, nor impose an assessment on part to the exemption of the rest. Nor can the county court confer such authority upon them, but all such assessments are void.

3. ———: ———: STATUTE. Where the statute requires the county court "to assess the value of all land in said levee district subject to overflow or inundation from rivers," it means that the assessment is to be made on all lands in the levee *district* which is subject to overflow, and not only such lands as are subject to overflow in that district.

4. ———: MEETING: NOTICE. The notice to be given by the board of directors required by section 6681, R. S. 1889, for the building of a levee and the authorization of the assessments therefor, must be to all the landowners of the district.

Appeal from Mississippi Circuit Court.—*Hon. H. C. Riley,* Judge.

REVERSED.

*Marshall Arnold* and *Wilson Cramer* for appellants.

(1) The law contemplates that all lands subject to overflow from the same source, that can be protected by the same levee, or system of levees, shall be included in one levee district. R. S. 1889, sec. 6669. (2) The object and purpose of the creation of Levee District No. 1 was to protect all of the land in the district from overflow from the Mississippi river, and the levee board had no authority to carve out a portion of the district to be surrounded by a levee and cause the lands therein to be assessed, as prayed in their petition to the county court. (3) The order of the county court made upon this petition, directing the assessor, at the first annual assessment to be made by him under the general revenue law, to assess

the value of all lands within said boundary lines, and the assess-ments made in pursuance thereof, are void.

*Boone & Lee, Russell & Deal* and *W. H. Miller* for respondent.

(1) Statutes will be construed in the most beneficial way that their language will permit, to prevent absurdity, hardship or injustice, to favor public convenience and to avoid all prejudice to public interests. Sutherland on Stat. Const., sec. 324. (2). The ownership of land benefited alone quali-fies a person to vote at the meeting held to determine whether the work shall be done. R. S. 1889, secs. 6681 and 6682. (3) The consent of the majority of those affected is neces-sary to do the work. Morrison v. Morey, 146 Mo. 566. (4) Municipal officers are presumed to have done their duty. Steffen v. St. Louis, 135 Mo. 51. (5) A levee district is a public subdivision of the State and exercises the functions of government in the district. Morrison v. Morey, *supra.* (6) The assessor's return of lands affected is the test of qualifica-tion of voters at the meeting held to determine whether the levee.shall be built. R. S. 1889, secs. 6678 and 6679.

VALLIANT, J.—This is a suit at the relation of the collector of Mississippi county to recover certain assessments imposed on lands of the appellant for levee purposes. The petition stated a case of a levee district duly formed, embrac-ing defendants' lands, an assessment therein made for levee construction according to the provisions of chapter 101, Re-vised Statutes 1889, default in payment by defendants, and prayed judgment. The answer was a general denial.

The proof showed that at the August term, 1892, of the county court of Mississippi county, upon petition and notice as required by law, that court duly organized a levee district, designated as District No. 1, embracing within its area about

three-fourths of the county; at the same time three directors were appointed by the court who duly qualified and the board was organized as the statute requires.

At the May term, 1893, a majority of the board of directors presented a petition to the county court representing that after due consideration they had agreed to build a levee on a certain line therein designated, subject to the approval of a majority of the landowners within a certain part of the district, specifying by metes and bounds an area of about one-third of District No.1, embracing the lands of defendants, stating that in the opinion of the petitioners the lands so designated would be greatly benefited by a levee to be built as they proposed, and praying that the assessor be directed by the court to assess the value of the lands included in that boundary as required by sections 6679, 6680 and 6681, Revised Statutes 1889.

The court made the order as the petition requested, and the assessor obeyed, embracing in his assessment for this purpose only the land covered by the order. On 27th October, 1893, the directors caused notice to be published that a meeting of the landowners of Levee District No. 1, within those boundaries, would be held at a certain time and place named, to consider the proposition of building the levee as indicated. This notice was in all respects as required by section 6681, except that it was not a call for a meeting of all the landowners in the district, but only of those owning land within the boundaries specified.

Pursuant to that notice a meeting was held at which only those embraced in the call attended; the proposition indicated was submitted, discussed and voted upon, the total vote being 218 of which 187 were for and 31 against it. In accordance with the action of that meeting an assessment of 50 per cent upon the estimated increased valuation for levee construction was laid on all the lands embraced in that part of the district mentioned in the call, and this suit is brought to recover of de-

fendants two past due instalments of that assessment. The finding and judgment in the circuit court were for the plaintiff, and defendants after due course have brought the cause here for review.

The authority to organize a levee district is conferred upon the county court, by section 6669 of chapter 101, Revised Statutes 1889; and the only powers that such districts or their directors have are those conferred by the provisions of that chapter and the amendments thereto. A levee district when duly organized is a public political subdivision of the State (Morrison v. Morey, 146 Mo. 543). It exercises those functions of government conferred upon it by the statute, and in the manner prescribed; only those functions and only in that manner. In a large area composed of the lands of many persons all subject to overflow from a river, there is always to be found such diversity of opinion and purpose that it would be impossible to conduct a plan of general protection which depended on the voluntary cooperation of all persons interested. It was therefore to protect the common interest and compel a cooperation that the Legislature enacted the chapter in regard to levee districts. The county court is authorized to form one or more levee districts of the territory subject to overflow in its county, embracing as nearly as possible in one district all lands subject to overflow from a common point of danger. This provision contemplates that the lands in one part of the county may be subject to inundation from one point, and those in another part from another point; and there is a sound judgment to be exercised in that particular in the formation of the levee districts. The duty and authority to exercise that judgment is by the terms of section 6669 conferred exclusively on the county court. The levee district once formed as in that section authorized, becomes, for all the purposes contemplated in that chapter, a unit. The questions as to the liability of all the lands embraced in the district to overflow from a point of danger common to all or as to all

being benefited by a common levee, are no longer open. Those were questions for the consideration of the county court when it formed the district. The community of danger, the community of interest, were determined finally by the county court, and after that, the questions as to the expediency of exercising the powers conferred by statute on the district, were left for the determination of the landowners, within the district. Those powers can not be exercised by a part to the exclusion of the rest of the landowners of the district. If a majority of all in the district are unfavorable to the levee scheme, and a part desire to build the levee independent of the rest, that part can do so only as individuals and voluntarily, they can force no unwilling landowner to contribute. The power to impose this assessment is a power of the State delegated to be exercised by a corporate subdivision of the State organized as the statute directs. An assessment can not be laid unless authorized by a meeting of the whole district, and when laid it must cover all the land in the district. In the case at bar the board of directors have undertaken to say that some lands in the district will be improved and some not, some need protection and some do not, and they undertake to divide the district, giving protection to the part they think needs it, and leaving unprotected the part they think does not need it, and imposing an assessment on part to the exemption of the rest. The board of directors have no such power, nor can the county court confer that power on them, nor would it change the case if their action was prompted by an understanding on their part that the landowners in the portion of the district left out did not wish to come in. While the district remains as the county court organized it, it is a unit that no one else can divide.

Section 6679 requires the county court after the organization of a levee district, of its own motion without waiting to be prompted by a petition from the board of directors, to cause an assessment to be made on all lands in the district,

showing in one column the value without, and in another that with the contemplated levee. In the case at bar the assessment covered only about one-third of the lands in the district. The language of the statute is "to assess the value of all lands in said levee district subject to overflow or inundation from rivers, and to be benefited by said work." The directors and county court doubtless interpreted this to mean that only those lands in the district, which the directors after examination should judge to be subject to overflow and to be benefited by a levee, were to be assessed. But that is a misinterpretation, and would result in bringing that section in conflict with the provisions of section 6669, which imposes the duty of deciding those questions once for all at the organization of the district, on the county court. It would also be in conflict with the provisions of section 6681, which takes into view the whole district. It would also result in the possibility of chopping up a general levee district into neighborhood organizations, conflicting in interest with one another, and defeating the evident purpose of the statute. The sentence above quoted would not have been liable to misinterpretation, but for the qualifying words following the word "district." Those words are really unnecessary to express the evident intention, unless the law writer intended to keep prominent in the minds of the officers, while making the assessment, the fact of liability to overflow in one condition and protection in the other. Those qualifying words, however, refer to the district and not to particular lands in the district. A correct paraphrase of the sentence is that the assessment is to be made of all lands in that levee district which is subject to overflow, and not of all those lands which are subject to overflow in that district. Under this interpretation there is no inharmony in the letter with other parts of the same chapter or with the general purpose of the law.

Sections 6681 and 6682 require that as soon as the assessment books are filed the board of directors shall call a meet-

ing "of the landowners of said levee district" at which shall be submitted "the reports, specifications, surveys, maps, profiles and estimates made by the engineers, together with the assessments, as returned by the county assessors." Also "an estimate of the probable cost of said work, and the probable rate per centum thereof on the valuation of said lands," etc. Then the proposition of building a levee and authorizing the necessary assessment on the lands of the district to pay for it, is to be submitted to that meeting and a majority vote binds all.

It is only in a meeting to which all the landowners in the district are called, with the notice and in the manner prescribed in section 6681, that authority to build a levee and lay an assessment to meet the cost can be given, and even in such meeting the assessment can not be partial; it must cover all the lands in the district, or it will be binding on none.

It follows from the foregoing interpretation of the provisions of chapter 101, Revised Statutes 1889, that the meeting of November 28th, 1893, which essayed to authorize the construction of the levee and the assessment to pay for it was itself without authority and all its acts invalid.

The judgment of the circuit court is reversed. All concur.