In the Matter of the Application of EDWARD A. RICHARDS and CHARLES S. FORBELL, Respondents, for an Order Directing the BOARD OF ELECTIONS to Reject and Strike from Their Files an Alleged Certificate of Nomination of HARRISON C. GLORE, Appellant, as Candidate of the Fusion Committee Party under the Bull's Eye Emblem.

In the Matter of HARRISON C. GLORE for an Order Directing the BOARD OF ELECTIONS OF THE CITY OF NEW YORK to Accept and File a Certificate of Nomination of the Fusion Committee Party under the Emblem of the Bull's Eye.

Second Department, October 25, 1917.

**Elections — justice of Municipal Court, city of New York, is State officer — independent nomination — requisite number of signatures to certificate — Election Law, section 122, construed — said section is constitutional.**

The office of justice of the Municipal Court of the city of New York is an office in the judicial system of the State and is not a borough or county office.

Hence, an independent certificate of nomination for said office must be subscribed by not less than five per centum of the total number of votes cast for Governor at the last gubernatorial election in the district (not exceeding 3,000 electors), as required by section 122 of the Election Law, and a certificate subscribed by less than said number of persons is insufficient to entitle the candidate to have his name printed upon the ballot.

The amendments made to section 122 of the Election Law in 1911 and 1913 do not violate the Constitution, but prescribe a general plan for independent nomination to which the court must give effect.

The expression " political subdivision of the State," as used in said section, applies to the district from which any public officer is to be elected.

APPEAL by Harrison C. Glore from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings, determining a certificate of independent nomination, filed in his behalf as a candidate of the Fusion party, to be insufficient, invalid and illegal, and restraining the board of elections from accepting or filing the same or placing the emblem of said Fusion party opposite the name of said Harrison C. Glore on the official ballot.

*Benjamin Reass,* for the appellant.

*Frank E. Johnson, Jr.,* for the respondents Richards and Forbell.

*Lamar Hardy, Corporation Counsel* [*Samuel K. Probasco* with him on the brief], for the respondent Board of Elections.

PER CURIAM:

It is conceded that the electors who subscribed the independent certificate of nomination for justice of the Municipal Court, intending to nominate the appellant, were less than five per centum of the total number of the voters for Governor at the last gubernatorial election in the district prescribed in which voters should reside to elect to the office of justice of the Municipal Court. It is also conceded that the number of valid subscribers is 1,206. It is plain that the office of justice of the Municipal Court of the City of New York is an office in the judicial system of the State, and not a borough or county office.

The statute reads as follows:

" § 122. * * *. Independent nominations of candidates for offices to be voted for by the voters of any political subdivision of the State can only be made by five per centum of the total number of votes cast for Governor at the last gubernatorial election in such political subdivision, excepting that not more than three thousand electors shall be required to make an independent nomination in any political subdivision; and excepting that not more than one thousand five hundred electors shall be required to make an independent nomination for a borough or county office." (Election Law [Consol. Laws, chap. 17; Laws of 1909, chap.

22], § 122, as amd. by Laws of 1911, chap. 891, and Laws of 1913, chap. 800, § 4.)

The last amendment was made after the decision of the Court of Appeals in *People ex rel. Hotchkiss* v. *Smith* (206 N. Y. 231) and *People ex rel. Woodruff* v. *Britt* (Id. 246), and the amendment was doubtless made by the Legislature in the light of those decisions. We think the requirements prescribed by the Legislature not violative of the Constitution; that the amendment by chapter 800 of the Laws of 1913, prescribed a general plan for independent nominations to which the court must give effect. We think in the Election Law the expression " political subdivision of the State," applies to the district from which any public officer is to be elected, and the definition of the term " unit of representation " in the Election Law confirms us in this view. (Election Law, § 3, subd. 6, renum. from § 2 by Laws 1911, chap. 891, as amd. by Laws of 1913, ·chap. 820, and Laws of 1916, chap. 537.)

JENKS, P. J., STAPLETON, PUTNAM and BLACKMAR, JJ., concurred.

Order affirmed, without costs.