In the Matter of the Application of MAX GREENWALD, Appellant, for a Writ of Mandamus against EDWARD F. BOYLE and Others, Constituting the Board of Elections of the City of New York, Respondents.

First Department, October 30, 1917.

**Elections — independent nomination of justice of Municipal Court — number of signatures required — Municipal Court justice not a borough or county officer.**

The provision of section 125 of the Election Law stating that the final order of the Special Term determining the validity of an independent certificate of nomination must be made on or before the twelfth day preceding the day of election is directory and not mandatory and the court has jurisdiction of an application for a writ of mandamus to compel the board of elections to accept such certificate although the proceeding was instituted less than twelve days before election day.

A justice of the Municipal Court, borough of The Bronx, is neither a borough nor a county officer and hence the number of signatures to an independent certificate of nomination to that office is not governed by that portion of section 122 of the Election Law which makes the signatures of 1,500 electors sufficient for an independent nomination. The requisites of the certificate are those stated in the prior portion of said section which

makes the signatures of five per cent of the total number of votes cast for Governor at the last gubernatorial election in the Municipal Court district, or 3,000 signatures, essential to a valid nomination.

APPEAL by the petitioner, Max Greenwald, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York denying his application for a peremptory writ of mandamus to compel the board of elections to accept the independent certificate of nomination, nominating Norbert Blank for justice of the Municipal Court, Borough of The Bronx, Second District.

*Charles Goldzier,* for the appellant.

*Russell M. Tarbox,* for the respondents.

CLARKE, P. J.:

The facts are not disputed. On the 15th of October, 1917, an independent certificate of nomination of Norbert Blank for justice of the Municipal Court, Borough of The Bronx, Second District, bearing the signatures of 2,209 duly qualified voters was filed with the bureau of elections. On the twenty-fifth of October the board rejected the said certificate upon the ground that it did not contain the number of signatures required by section 122 of the Election Law and notified the proposed candidate of that action upon the same day. On the twenty-sixth of October, being less than twelve days before election day, this proceeding was instituted. The learned court at Special Term denied the motion for a peremptory writ of mandamus " for want of jurisdiction," basing said action upon the provisions of section 125 of the Election Law which provides: "Any question arising * * * with reference to the construction, sufficiency, validity or legality of any certificate, shall be determined upon the application of any citizen by the Supreme Court, or any justice thereof, within the judicial district, or any county judge within his county, who shall make such order in the premises as justice may require, but the final order at Special Term must be made on or before the twelfth day or, in the case of a certificate of nomination of a town or village officer,

the seventh day preceding the day of election." (Consol. Laws, chap. 17 [Laws of 1909, chap. 22], § 125, as amd. by Laws of 1914, chap. 244.)

In this we think the Special Term erred. If this section of the statute applies, we think the limitation must be regarded as directory and not mandatory. (*Matter of Hennessy,* 164 N. Y. 393; *Matter of Stoddard,* 158 App. Div. 525.)

Considering the matter, therefore, upon the merits, section 122 of the Election Law (as amd. by Laws of 1913, chap. 800) provides *inter alia* as follows: " Independent nominations of candidates for offices to be voted for by the voters of any political subdivision of the State can only be made by five per centum of the total number of votes cast for Governor at the last gubernatorial election in such political subdivision, excepting that not more than three thousand electors shall be required to make an independent nomination in any political subdivision; and excepting that not more than one thousand five hundred electors shall be required to make an independent nomination for a borough or county office.".

The question is how many electors are required to make an independent nomination for the office of Municipal Court justice in the city of New York. The Municipal Court is a part of the judicial system of the State. It is provided by the New York City Municipal Court Code, chapter 279 of the Laws of 1915, that the justices thereof shall be elected for terms of ten years by the electors of the several Municipal Court districts, as therein constituted; that no one shall be eligible to the office of justice unless he be a resident and elector in the district for which he shall be elected or appointed and shall have been an attorney and counselor at law of the State of New York for at least five years or unless he shall have served as a justice of such Municipal Court. No justice shall engage in any other business or profession, or hold any other public office, or act as referee or receiver, but each justice shall devote his whole time and capacity, so far as the public interest demands, to the duties of his office.

It is a court of record. The statute provides that the justices shall constitute a board of justices, and among other things shall provide for the establishment of parts of the court and for the yearly assignment of justices to hold the

several parts so established; provided, however, that no justice shall sit in any one district for two successive months, or in the borough of Manhattan for more than three months in any one year, or in the other boroughs for more than the minimum number of months under a system of complete rotation by the justices within such borough respectively. It is also provided that the president of the board of justices shall, whenever he deems it necessary for the prompt disposition of business, assign, in the borough from which he was elected, any justice temporarily to hold court in any district in said borough other than that in which he had been assigned by the board, and may assign a justice, with his consent, regardless of borough lines, to any district within the city, and transfer cases for trial from one district to another in the same borough.

It seems to be clear from such provisions that a justice of the Municipal Court is neither a borough nor a county officer and, therefore, does not come within the language of the statute which provides that not more than 1,500 electors shall be required to make an independent nomination for a borough or county office. As the only other provision is that independent nominations of candidates for offices to be voted for by the voters of any political subdivision of the State can only be made by five per centum of the total number of votes cast for Governor at the last gubernatorial election in such political subdivision, excepting that not more than 3,000 electors shall be required to make an independent nomination in any political subdivision, and as a political subdivision of the State evidently means a territorial subdivision of the State from which officers are to be elected, it would seem to follow that an independent certificate of nomination for a justice of the Municipal Court must be made by five per centum of the total number of votes cast for Governor at the last gubernatorial election in the Municipal Court district, or by 3,000.

The argument that an independent nomination for Municipal Court justice would require as many signatures as an independent nomination for mayor of the whole city and twice as many as are required for a president of a borough or a district attorney of a county is one to address to the

Legislature. The court is bound by the plain language of the statute and as a Municipal Court justice is neither a borough nor county officer it seems to us that he cannot be held to come within the provisions of the Election Law governing the independent nomination of such borough or county officer.

We agree with the conclusion reached by the Appellate Division in the Second Department in *Matter of Richards* (179 App. Div. 823) to the same effect and hold that as upon the conceded facts the independent certificate of nomination at bar was not made by the requisite number of voters the order appealed from denying the application for a peremptory writ of mandamus should be affirmed. Application to go to the Court of Appeals granted.

LAUGHLIN, SMITH and DAVIS, JJ., concurred.

SCOTT, J. (concurring):

The Appellate Division in the Second Department has already expressed the opinion that the signatures of 3,000 nominators is necessary for the nomination of a candidate for judge of the Municipal Court in the City of New York. (*Matter of Richards*, 179 App. Div. 823) That opinion should be followed unless there is some controlling reason to the contrary which does not appear to have been considered in the *Richards* case. I find no such reason.

It is objected that the opinion referred to was merely *obiter dictum*, because there were other questions in the case upon which the decision might have been made. Even so, the opinion shows that it was not rendered without deliberation, and as it is in accordance with the letter of the statute we should follow it. If it be unreasonable to require a larger number of nominators in the case of a Municipal Court justice than in the case of a borough or county office, the answer is that the Legislature has so provided and the remedy lies in its hands.

The order appealed from should be affirmed for this reason, without passing upon the question of jurisdiction, upon which the court at Special Term denied the motion.

Order affirmed, with leave to appellant to appeal to the Court of Appeals.