CROW CREEK IRRIGATION DISTRICT, RESPONDENT, *v.*
CRITTENDEN, COUNTY CLERK, APPELLANT.

(No. 5,433.)

(Submitted May 28, 1924. Decided June 21, 1924.)

[227 Pac. 63.]

*Irrigation Districts—Public Corporations—Subdivisions of State
—Not Liable to Payment of Fees to County Recorder.*

Public Corporations—Exercise of Functions of Government.
  1. The existence of a public corporation does not depend upon the exercise of all of the functions of government within its prescribed limits.

Taxation—Power One of Highest Prerogatives of Sovereignty.
  2. Exercise of the power to levy taxes is one of the highest prerogatives of sovereignty.

Irrigation District a Public Corporation—Subdivision of State—Not Required to Pay Fee for Recordation of Papers.
  3. *Held,* that an irrigation district created under Chapter 146, Laws of 1909 (Rev. Codes 1921, secs. 7166–7173), is a public corporation exercising essential governmental functions, one of which is the right to levy taxes, organized for the government of a portion of the state and for the promotion of the public welfare, and as such must be deemed a subdivision of the state within the meaning of section 4893, Revised Codes, relieving it, as such subdivision, from the payment of fees for the recordation of papers in the county clerk and recorder's office.

Same—Exemption from Payment of Taxes.
  4. *Quaere:* Had the legislature authority to declare by section 7209, Revised Codes of 1921, that irrigation districts shall not be taxed for state, county or municipal purposes?

*Appeal from District Court, Broadwater County; Wm. L.
Ford, Judge.*

ACTION by the Crow Creek Irrigation District against Alice Crittenden, County Clerk and *ex-officio* Recorder of Broadwater County. From the judgment for plaintiff, defendant appeals. Affirmed.

*Mr. L. A. Foot,* Assistant Attorney General, and *Mr. Franks T. Hooks,* County Attorney of Broadwater County, for Appellant, submitted a brief; *Mr. Foot* argued the cause orally.

[71 Mont. 66.]

Irrigation districts are classed with the following corporations which, although private, have been held *quasi* public in character, to-wit: Levee, drainage and reclamation corporations, colleges and other educational institutions, hospitals, asylums and agricultural societies.   (14 C. J. 77, sec. 46.)

While irrigation districts are called public corporations, they are nothing more than private ventures.   (*Board of Directors of Middle Kittitas Irr. Dist.* v. *Peterson,* 4 Wash. 147, 29 Pac. 995; *Board of Directors* v. *Peterson,* 64 Or. 46, 128 Pac. 837, 129 Pac. 123.)

An irrigation district is neither a political subdivision of the state nor a municipal corporation.   (*In re Walker River Irr. Dist.,* 44 Nev. 321, 195 Pac. 327.)

The provision "or any subdivision thereof" (secs. 4893, 9810, Rev. Codes 1921) means a political subdivision of the state or county.   (*State* v. *Englewood,* 41 N. J. L. 154; *In re Richards,* 179 App. Div. 823, 167 N. Y. Supp. 152.)

*Mr. Wm. Scallon,* for Respondent, submitted a brief and argued the cause orally.

The words "subdivision of the state" must be held to mean and include corporations exercising governmental control over some territory within the state, like irrigation districts.   These are endowed with what is called political power.   They are endowed with a taxing power.   The taxing power is an attribute of sovereignty.   This is expressly declared in many cases and in many authorities.   We cite *Scott* v. *Pitt,* 169 N. Y. 521, 58 L. R. A. 372, 62 N. E. 662, where it is said: "The 'taxing power' is one of the attributes or incidents of sovereignty."   (See, also, Black on Tax Title, sec. 4.)   So, here we find that irrigation districts are endowed with a part of the sovereign power of the state, namely, the power to levy taxes.   Being public corporations endowed with a part of the governmental power and, therefore, endowed with governmental functions, the conclusion is inevitable that they are subdivisions of the state, just as much as a school district or a county.

The statute itself (sec. 7262, Rev. Codes) declares that its purpose and the purpose of the irrigation districts is to promote the prosperity and welfare of the people, meaning, of course, the people at large. In *In re Madera Irr. Dist.*, 92 Cal. 296, 27 Am. St. Rep. 106, 14 L. R. A. 755, 28 Pac. 272, 278, *Pioneer Irr. Dist.* v. *Walker*, 20 Idaho, 605, 119 Pac. 304, 308, and *Squaw Creek Drainage Dist.* v. *Turney*, 235 Mo. 80, 138 S. W. 12, it is expressly held that the drainage district, which was declared by the statute to be "a public corporation of this state," was a political subdivision of the state and that as such subdivision it exercised prescribed functions of government within its boundaries. (See, also, *Mound City Land & Stock Co.* v. *Miller*, 170 Mo. 240, 94 Am. St. Rep. 727, 60 L. R. A. 190, 70 S. W. 721; *Morrison* v. *Morey*, 146 Mo. 543, 48 S. W. 629; *Kinne* v. *Burgess*, 24 Ariz. 463, 211 Pac. 573.)

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

This proceeding was instituted under the provisions of section 9872, Revised Codes, by filing with the district court an agreed statement of facts as follows: Plaintiff, an irrigation district organized under the laws of this state (Chap. 146, Laws of 1909), tendered to the defendant, county clerk and recorder of Broadwater county, certain papers for recording, which papers were in due form and were required to be recorded in that county, but defendant refused to record them unless paid in advance $104, the statutory fees which would be required of a private individual for like service; and in order to secure the papers to be recorded plaintiff paid the fees, but under protest. The trial court held that defendant was not entitled to demand any fees, and rendered and had entered a judgment in favor of the plaintiff, from which the defendant appealed.

. Section 4887, Revised Codes, and subsequent sections require every salaried county officer to collect the fees therein mentioned for the use of the county; but section 4893 provides: "No fees must be charged the state, or any county, or any subdivision thereof, or any public officer acting therefor   *   *   *

for official services rendered, and all such services must be performed without the payment of fees.'' In *State* v. *Story,* 53 Mont. 573, 165 Pac. 748, this court held that the terms "fees" used in those sections "imports specific charges to be collected from private individuals for particular services."

Chapter 146, Laws of 1909 (secs. 7166–7173, Rev. Codes of 1921), under which this plaintiff was organized, provides: "Every irrigation district so established hereunder is hereby declared to be a public corporation for the promotion of the public welfare.'' (Sec. 7169, Rev. Codes.)

Section 5901 provides: "Corporations are either public or private. Public corporations are formed or organized for the government of a portion of the state; all other corporations are private."

We need not stop to determine whether by its bare *ipse dixit* the legislature may create a public corporation out of a purely private enterprise which does not exercise any functions of government. For the purposes of this appeal it is sufficient [1] to say that the existence of a public corporation does not depend upon the exercise of all of the functions of government within its prescribed limits. (*Dean* v. *Davis,* 51 Cal. 406.)

It may be true that in Oregon and Nevada an irrigation district does not perform any governmental function whatever (*Directors* v. *Peterson,* 64 Or. 46, 128 Pac. 837, 129 Pac. 123; *In re Walker Irr. Dist.*, 44 Nev. 321, 195 Pac. 327); but that is not true here, for an irrigation district organized under the laws of this state does exercise some governmental functions; [2] for example, it may levy taxes (sec. 7232, Rev. Codes), which is the exercise of one of the highest prerogatives of sovereignty (*People ex rel. Scott* v. *Pitt,* 169 N. Y. 521, 58 L. R. A. 372, 62 N. E. 662).

We may accept without further comment the declaration of the legislature that an irrigation district is a public corporation, and the ultimate question for determination still remains: [3] Is it a subdivision of the state within the meaning of section 4893, above, and entitled to have the services herein de-

manded, rendered by the county clerk without the payment of any fees?

Independently of these or like statutory definitions, it has been held generally that whether a public corporation is a subdivision of the state depends upon the connection in which the phrase "subdivision of the state" is used. A school district is generally regarded as a subdivision of the state (*Skelly* v. *School District,* 103 Cal. 659, 37 Pac. 643), and this rule is recognized by the supreme court of Missouri (*Wilson* v. *Drainage and Levee District,* 237 Mo. 39, 139 S. W. 136); but it was held that a school district is not a subdivision of the state within the meaning of that phrase as used in the Constitution defining the jurisdiction of the supreme court (*School District* v. *Boyle,* 182 Mo. 347, 81 Pac. 409; *State ex rel. School District* v. *School District,* 238 Mo. 407, 141 S. W. 1111). The same court held that a drainage district is a subdivision of the state for certain purposes (*Morrison* v. *Morey,* 146 Mo. 543, 48 S. W. 629; *Squaw Creek Drainage Dist.* v. *Turney,* 235 Mo. 80, 138 S. W. 12); and likewise a levee district (*State ex rel. Stotts* v. *Wall,* 153 Mo. 216, 54 S. W. 465; *Mound City Land & Stock Co.* v. *Miller,* 170 Mo. 240, 94 Am. St. Rep. 727, 60 L. R. A. 190, 70 S. W. 721). But it is also held that neither comes within the meaning of the phrase as employed in section 12, Article VI, of the Missouri Constitution. (*Wilson* v. *Drainage and Levee District,* above.) Likewise the Texas court held that a commissioner's precinct is a subdivision of the state within the meaning of that phrase as used in the local option law (*Cofield* v. *Briton,* 50 Tex. Civ. App. 208, 109 S. W. 493), but that an election district is not (*Efird* v. *State,* 46 Tex. Cr. App. 582, 80 S. W. 529); and neither is a school district (*Ex parte Haney,* 51 Tex. Cr. App. 634, 103 S. W. 1155). In *Lydecker* v. *Drainage & Water Commissioners of Englewood,* 41 N. J. L. 154, it was held that a drainage district is not a subdivision of the state within the meaning of that provision in the Constitution fixing the limit of taxing districts. In New York and Nevada it is held that a political subdivision of the state within the meaning of the election laws is a district of the state within which any

public officer is elected.   (*In re Richards,* 179 App. Div. 823, 167
N. Y. Supp. 152; *In re Walker Irr. Dist.,* above.)   In *Kinne*
v. *Burgess,* 24 Ariz. 463, 211 Pac. 573, it was held that an
irrigation district created under Chapter 49 of Laws of Ari-
zona 1915 is a political subdivision of the state. And in
*Elmore* v. *Drainage Commrs.,* 135 Ill. 269, 25 Am. St. Rep.
363, 25 N. E. 1010, it was held that a drainage district is
a public, involuntary *quasi* corporation, to be classed with
counties, townships, school districts, road districts, *etc.* The
Internal Revenue Bureau held that the interest on irrigation
district bonds is not subject to federal income tax, solely
upon the theory that an irrigation district is a subdivision
of the state. (Cumulative Bulletin No. 2, 93.) And so
references might be multiplied without deriving any material
assistance in the solution of the problem before us.

In addition to the legislative declaration that an irrigation
district organized under the laws of this state is a public corpo-
ration, and the authority conferred upon it to levy taxes, the
following circumstances reflect upon its character: It is au-
thorized to issue bonds (sec. 7210, Rev. Codes), but when the
bonds are sold the proceeds are paid to the county treasurer
(sec. 7215, as amended by sec. 10, Chap. 157, Laws of 1923),
who is made the treasurer of every irrigation district organized
in his county (sec. 7239). The district may not spend the
proceeds from the sale of its bonds without the approval of
the commission (sec. 7220, as amended by sec. 11, Chap. 157,
Laws of 1923), composed of the attorney general, state en-
gineer and state examiner (sec. 7223). The bonds, when prop-
erly certified, constitute legal investments for all trust funds,
funds of banks, insurance companies and trust companies,
and for school funds. (Sec. 7225.) While the district levies
the tax to pay the interest on its bonds and to create a sinking
fund, the county clerk is required to extend these taxes on the
assessment-roll, and the county treasurer is required to collect
the taxes at the same time and in the same manner as county
and state taxes are collected (sec. 7240), and these officers are
compelled to perform these services for the district without

additional compensation. Section 7209, Revised Codes, provides: "The bonds issued under the provisions of this Act, [4] rights of way, ditches, flumes, pipe-lines, dams, water rights, reservoirs, and other property of like character, belonging to any irrigation district, shall not be taxed for state, county, or municipal purposes." Whether the legislature had the authority to declare such an exemption may be questioned, but no one can be in doubt that it was dealing with an irrigation district as a part of the state itself rather than as an enterprise fostered by the state.

To summarize: An irrigation district is a public corporation organized for the government of a portion of the state and for the promotion of the public welfare. It exercises essential governmental functions, and one of its principal officers is the county treasurer. It may not expend its funds without the approval of public officers, and the interest on its bonds is not subject to the federal income tax laws. So far as it was possible to do so the legislature has emphasized its public character and expressed an intention that it shall be relieved of the ordinary burdens which are imposed upon private enterprises. From these considerations we think it is fairly deducible that it was the purpose of the legislature that an irrigation district should be deemed a subdivision of the state within the meaning of section 4893, Revised Codes.

The judgment is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES GALEN and STARK concur.

MR. JUSTICE COOPER, being absent, did not hear the argument, and takes no part in the foregoing decision.