In the Matter of the Application of WALTER SREDZINSKI for an Order against WALTER F. SCHMIEDING and Another, as Commissioners of Elections for the County of Erie.

Fourth Department, October 29, 1935.

*Stanley Chmiell*, for the appellant.

*Jacob Tick*, for the respondents.

PER CURIAM. Section 330, subdivision 2, of the Election Law (as amended by chapter 646 of the Laws of 1935, in effect May 1, 1935), taken in connection with the initial paragraph of section 330, provides that the question of " the nomination of any candidate [for office] * * * in a proceeding instituted by any candidate aggrieved " may be summarily determined by the Supreme Court in a proceeding instituted for that purpose, and that the Supreme Court shall make such order as justice may require. The power given to the Supreme Court is plenary and the statute provides that it shall be construed liberally. Petitioner instituted a summary proceeding on October 24, 1935, to compel the board of elections of Erie county to print upon the appropriate official ballot the name of petitioner as a candidate for supervisor. His application was denied. We hold that within the purview of this statute petitioner is a " candidate aggrieved " in the matter of his own nomination. Election day being set for November 5, 1935, the final order now on appeal made on October 24, 1935, and denying petitioner's application, seems to have been made " on or before the twelfth day * * * preceding the day of election." However, even though it were held that the order was not timely " made " under the statute, this provision of the statute is directory, not mandatory. (*Matter of Greenwald* v. *Boyle*, 179 App. Div. 672; affd., 221 N. Y. 688, for other stated reasons.) And in the cited case the proceeding was not instituted on time within the provisions of the statute, a situation not involved in the instant proceeding.

As we read subdivision 4 of section 137 of the Election Law (as amended by section 8 of chapter 955 of the Laws of 1935, in effect May 16, 1935), it prevents a qualified voter who has participated in a primary election resulting in the nomination for an office of a certain candidate from joining in an independent petition for a second nomination of the same person as a candidate for the same office as the representative of another party or independent group. (*Matter of Howe* v. *Cohen*, 157 Misc. 197; affd., 246 App. Div. 520; affd., 268 N. Y. 706.) We construe the word " designate " (the fourth word from the end of the next to the last sentence of subdivision 4 of section 137 of the Election Law, as amended aforesaid, as intended to mean " nominate," as those words are defined in section 2 of the Election Law. The subdivision has no application to the instant state of facts, since this petitioner failed to be nominated in the primary. Inasmuch as sufficient time still exists for putting into operation the machinery and doing the acts necessary to submit petitioner's name to the electorate as requested, we reverse the order appealed from, without costs, and grant petitioner's application.

All concur. Present — SEARS, P. J., TAYLOR, EDGCOMB, THOMPSON and LEWIS, JJ.

Order reversed on the law, without costs, and application granted, without costs.