STATE OF MONTANA ON THE RELATION OF KENNETH
MOHR, RELATOR, *v.* DISTRICT COURT OF THE THIR-
TEENTH JUDICIAL DISTRICT OF THE STATE OF MON-
TANA, IN AND FOR THE COUNTY OF YELLOWSTONE, AND THE
HONORABLE E. E. FENTON, JUDGE OF THE THIRTEENTH
JUDICIAL DISTRICT, JUDGE PRESIDING, RESPONDENTS.

No. 10185.

Submitted November 1, 1960. Decided December 16, 1960.

357 P.2d 891.

Franklin S. Longan and Calvin A. Calton, Billings, for relator. Calvin A. Calton argued orally.

Coleman, Lamey & Crowley, Wiggenhorn, Hutton, Schiltz & Sheehy, Sandall, Moses, Cavan and Battin, Billings, for respondents. Cale J. Crowley and John C. Sheehy argued orally.

MR. JUSTICE ANGSTMAN delivered the Opinion of the Court.

Relator seeks an appropriate writ to vacate and annul an order of the district court granting the several separate motions of defendants in the action in which summons was issued to quash service of summons. The action out of which summons issued was one for damages for injuries sustained by relator as a result of the overturning of a water truck driven by Eddie Wolfe.

Relator's complaint was filed against Boggess Construction Company, a corporation, resident of Iowa; M & W Construction Company, a partnership, resident of Minnesota; J. F. England & Sons, Inc. resident of South Dakota; Mike Eichenlaub, a resident of South Dakota, and Chet Lundgren, whose residence is not shown, and who was foreman for Boggess Construction Company; Mohr, relator, is a resident of Iowa.

The complaint is not before us but the separate motions to quash and the affidavits and objections filed and proceedings had in relation to the motions to quash show the facts which we have before us. Two questions were raised by the several motions to quash. One question was whether Eddie Wolfe, the driver of the water truck involved in the accident was

acting as the agent, servant or employee of any of the defendants.

The second question raised is whether the accident occurred on a public way within the meaning of Section 53-203.

The trial court did not rule on the first question. It ruled specifically that the accident did not occur on a public way.

The truck in question overturned on what is called a haul-road leading from highway construction Project S 187, which was a project on what is known as the Harlem-Hayes road. The haul-road extended from the construction project to a gravel pit from which gravel was obtained for use on the project. The accident happened about one and one-half miles from the highway construction project area. The water truck was used to control the dust by watering down the haul-road. The haul-road was constructed over open range, Indian land and was for a temporary purpose with the understanding that the land should be restored to its natural condition after completion of the hauling operations. There were fourteen trucks engaged in hauling gravel over the haul-road and highway employees also used the road for inspection purposes. There were no signs excluding the public from the haul-road and there were no gates or guards preventing entrance by members of the public. Mohr used his private automobile on the haul-road as did salesmen or others desiring to view the project.

The service of summons was made under section 53-203 by service upon the secretary of state. That statute authorizes service of summons on a non-resident operator of a motor vehicle by service on the secretary of state in cases "growing out of an accident or collision in which he or his agent may be involved while operating a motor vehicle on any public way in this state." This statute must be construed liberally with a view to effect its objects and to promote justice. State ex rel. Gallagher v. District Court, 112 Mont. 253, 114 P.2d 1047.

"A word or phrase may have different meanings as it is

employed in different connections * * * and the particular meaning to be attached to it in a given statute or constitutional provision is to be measured and controlled by the connection in which it is employed, the evident purpose of the act, and the subject to which it relates.'' Thaanum v. Bynum Irr. Dist., 72 Mont. 221, 232 P. 528, 530.

Thus, an irrigation district has been held to be a subdivision of the state within the meaning of a certain section of the statute, Crow Creek Irr. Dist. v. Crittenden, 71 Mont. 66, 227 P. 63, and yet not a subdivision of the state within the meaning of a constitutional provision. Thaanum v. Bynum Irr. Dist., supra.

So here, under a liberal construction of the statute, it is not necessary that the haul-road meet the definition contained in section 32-103 as applied in Peasley v. Trosper, 103 Mont. 401, 64 P.2d 109, and other cases of similar import.

It is our view that under a liberal construction of the statute the haul-road, in question here, so long as it was used as a haul-road constituted a necessary and integral part of the Montana highway system.

The case to all intents and purposes is analogous to that of Schefke v. Superior Court, 136 Cal.App.2d 715, 720, 289 P.2d 542, 546, where it was held that an automobile is being operated upon the highways within the meaning of a statute such as ours when it is being serviced at a filling station. The court recognized and referred to cases taking a contrary view, but expressed itself as follows:

''It seems to us, however, that the question here does not depend upon an interpretation of what is or is not a highway, but is a question of whether or not the servicing of a motor vehicle in a service station enroute is such a necessary incident to its operation that the entry into or exit from a service station must be considered as a part of and incidental to the operation of the vehicle upon the highways.

''* * * The act of getting gasoline and service at a service

station enroute is as completely a part of the operation of the car as almost any other act in its operation. It certainly is as incidental, if not as integral, a part of its operation as was parking the car opposite the hotel in Stroud v. Board of Water Commrs., supra, [90 Conn. 412] 97 A. 336, even though that parking was on the highway itself.''

It would not be a liberal construction of the statute to hold that service could be had on the secretary of state had the accident occurred while the vehicle was enroute to the haul-road, but that service could not be had if it occurred on the haul-road which was used in conjunction with and as a part of the construction project.

In McDonald v. Superior Court, 43 Cal.2d 621, 275 P.2d 464, it was held that service may be had under a statute similar to ours when the accident occurs while unloading a truck, since that act was a part of the normal use of the truck in its operation on the highways.

Likewise, whether a highway is a public way is ''not determined * * * by the number of persons who actually use it for passage; if it is open, it is immaterial that but few individuals are in a position to make use of it, or that one person is most benefited by it; and its character as a highway is not affected even by the fact that it furnishes access or egress to but a single property owner.'' 39 C.J.S. Highways § 1, pp. 915-916. And see Galloway v. Wyatt Metal & Boiler Works, 189 La. 837, 181 So. 187.

Construing section 53-203 liberally, as we must, it is our view that the haul-road in question here was a public way within the meaning of that section, when it was being used in conjunction with the highway construction project, and that the service of process was authorized under that section if the requisite agency existed. Whether an agency existed is a question for the trial court to determine. State ex rel. Gallagher v. District Court, supra.

Since the trial judge did not rule on the question of

agency, it is our view that the cause should be remanded with directions to find on that issue and to sustain the service of summons on such defendant or defendants, if any, as the court may find employed the driver of the truck, Eddie Wolfe as its or their agent.

It is so ordered.

MR. JUSTICE ADAIR concurs.

MR. JUSTICE BOTTOMLY not participating.

MR. CHIEF JUSTICE HARRISON specially concurring:

■ I concur in the result reached in the foregoing opinion that the haul-road should be deemed a public way.

I have entertained considerable doubt as to whether or not we should be as liberal in construing section 53-203, R.C.M. 1947, as is set forth in the majority opinion because to my mind there is nothing in the act to indicate that a "public way" as used in section 53-203, means anything more than "highways, roads and streets of this state and its political subdivisions" as provided in section 53-201. However, since contractors with the Montana Highway Commission are exempt from the provisions of the public contractor's license law by virtue of section 84-3505, R.C.M. 1947, a liberal interpretation appears necessary and vital for the protection of the citizens of this state and non-residents who are injured within the state as a result of the operations of such contractors' motor vehicles.

■ I concur without reservation in that portion of the opinion which remands the cause for a determination upon the question of agency, since I believe it is incumbent upon the relator to establish to the satisfaction of the court the defendant or defendants whom he contends caused the injuries alleged, to the end that those named defendants who are not involved may not be required to appear and make defense in the action.

MR. JUSTICE CASTLES dissenting:

I dissent. The majority opinion interprets the statute in a manner which is legislative in nature. Perhaps the result is desirable, but the legislature should amend the statute if it is to be done.