**Christian B. ZACHARIAS and Mary Zacharias, Appellants,**

v.

**Ute Marleen IPPEN, also known as Ute Marleen Ipsen, Appellee.**

**No. 7686.**

United States Court of Appeals
Tenth Circuit.

Oct. 21, 1964.

William A. Riner, Cheyenne, Wyo., for appellants.

Brooke Wunnicke, of Williams, Wunnicke & Fennell, Cheyenne, Wyo., for appellee.

Before MURRAH, Chief Judge, and PICKETT and HILL, Circuit Judges.

PICKETT, Circuit Judge.

This action grows out of the use and operation of an automobile on a highway within the boundaries of Yellowstone National Park, Wyoming. The complaint alleged that plaintiffs Zacharias were residents of Pennsylvania and that the defendant Ippen was a resident of North Carolina. Service was obtained on the defendant by serving the Secretary of State of Wyoming as provided by the Wyoming non-resident motorist statute, Section 1–52, Wyo.Stat., 1957.[1] The trial court quashed the service of summons and dismissed the complaint for lack of venue. On appeal, from the record before it, this court affirmed on the ground that the requisite diversity of citizenship as contemplated by 28 U.S.C. § 1391(a) did not exist.

A supplemental record filed with a petition for rehearing discloses that when the motion to quash the service of summons and dismiss the complaint was heard, the plaintiffs sought to amend their complaint to allege that Ippen was an alien and subject to be sued in any district in the United States as provided by 28 U.S.C. § 1391(d). In view of the present record, the court has reconsidered its former opinion and it is hereby withdrawn.

---

1. Section 1–52, Wyo.Stat., 1957, provides in pertinent part: "The use and operation by a non-resident of the State of Wyoming * * * of a motor vehicle over or upon any street or highway within the State of Wyoming, shall be deemed an appointment by such non-resident or resident of the secretary of state of the State of Wyoming as his true and lawful attorney upon whom may be served all legal processes in any action or proceeding against him * * * growing out of such use or operation * * *."

No one contends that the portion of Yellowstone National Park where the accident occurred is not within the territorial boundaries of the State of Wyoming. Had Ippen been found within the Park when this action was brought, valid personal service could have been made upon her therein by virtue of the Act of Admission of the State of Wyoming.[2] Since it is now conceded that Ippen is an alien and as such subject to suit in any district, the sole remaining question is whether service of process may be made under the Wyoming non-resident motorist statute in actions arising out of the operation of motor vehicles on the streets and highways of Yellowstone National Park.

Like Wyoming, most states have enacted statutes providing for substituted service of process to afford redress to persons injured within the state as a result of the operation of a motor vehicle therein by a non-resident. The validity of the Wyoming statute is not questioned here.[3] It has been held that statutes which provide that constructive service may be obtained upon non-residents using "the public highways" or "highways of the state" are not broad enough to permit such service when the cause of action arose from the use of a private road or a highway within areas under the exclusive jurisdiction of the United States and not open to the public. O'Sullivan v. Brown, 5 Cir., 171 F.2d 199; Myers v. Vanduzee, D.C.N.D.Ala., 202 F.Supp. 878; Rilling v. Jones, D.C. Md., 130 F.Supp. 834; Camden v. Harris, D.C.W.D.Ark., 109 F.Supp. 311; 8 Am.Jur.2d Automobiles and Highway Traffic, § 862; Anno. 73 A.L.R.2d 1351; Anno. 148 A.L.R. 1217. However, where broader language, such as that in the Wyoming statute, does not restrict its application to the use of public highways or streets, the service has been upheld when the cause of action arose out of the use and operation of a motor vehicle over or upon any road or street "within" the state, including private roads and roads within military reservations. Cantrell v. Haas, D.C.W.D.N.Car., 161 F. Supp. 433; Kohanovich v. Youree, 1 Storey 440, 51 Del. 440, 147 A.2d 655, 73 A.L.R.2d 1347; Schefke v. Superior Court, 136 Cal.App.2d 715, 289 P.2d 542; State ex rel. Mohr v. District Court, 138 Mont. 452, 357 P.2d 891; Paduchik v. Mikoff, 158 Ohio St. 533, 110 N.E.2d 562; Anno. 73 A.L.R.2d 1351 and previous annos.; 8 Am.Jur. 2d Automobiles and Highway Traffic, § 862.

Although the highways and streets within Yellowstone National Park are not constructed or maintained by the State of Wyoming, and the state has no regulatory jurisdiction over them, still the area is geographically within the State of Wyoming. Under the broad terms of the Wyoming Statute, service may be made on non-resident defendants when the cause of action arises out of the operation of motor vehicles " * * * over or upon any street or highway within the State * * *." Clearly, that language is broad enough to include the streets and highways of Yellowstone National Park.

Reversed and remanded with instructions to reinstate the complaint.

2. By this Act the state reserved the right to serve its valid civil and criminal process within the Park. 26 Stat. 222; 1 Wyo.Stats.1957, p. 44, § 2. See also 16 U.S.C. § 24. The whole of Yellowstone National Park is also included within the Federal Judicial District of Wyoming. 28 U.S.C. § 131.

3. The constitutional validity of such statutes has been recognized in numerous jurisdictions. See, for example, Hess v. Pawloski, 274 U.S. 352, 47 S.Ct. 632, 71 L.Ed. 1091 (Mass.); Olberding v. Illinois Cent. R. Co., 346 U.S. 338, 74 S.Ct. 83, 98 L.Ed. 39 (Ky.); Brooks v. National Bank of Topeka, 8 Cir., 251 F.2d 37 (Mo.); Tublitz v. Hirschfeld, 2 Cir., 118 F.2d 29 (Conn.); Feinsinger v. Bard, 7 Cir., 195 F.2d 45 (Wis.); Kroll v. Nevada Indus. Corp., 65 Nev. 174, 191 P.2d 889 (Nev.); Guerra De Chapa v. Allen, D.C.S.D.Tex., 119 F.Supp. 129 (Tex.); Powell v. Knight, D.C.E.D.Va., 74 F. Supp. 191 (Va.); Boss v. Irvine, D.C. W.D.Wash., 28 F.Supp. 983 (Wash.). 8 Am.Jur.2d Automobiles and Highway Traffic, § 849.