2008 WY 71

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, as Subrogee, Appellant (Plaintiff),**

v.

**Kyle A. KUNZ and Paul Dufka, Appellees (Defendants).**

No. S–07–0177.

Supreme Court of Wyoming.

June 23, 2008.

Representing Appellant: Billie Ruth Edwards, Edwards & Johnson, Cheyenne, Wyoming.

Representing Appellees: No appearance.

Before VOIGT, C.J., and GOLDEN, HILL, KITE, and BURKE, JJ.

BURKE, Justice.

[¶ 1] This matter comes before us as a certified question from the district court for Wyoming's Eighth Judicial District. The question arises from an apparent conflict in statutory language contained in Wyo. Stat. Ann. § 5–9–128(a)(i) (LexisNexis 2007) governing subject matter jurisdiction of circuit courts, and statutory language contained in Wyo. Stat. Ann. § 1–6–301(c) relating to service of process on non-resident motorists. Appellant, State Farm Mutual Automobile Insurance Company, contends that the district court has subject matter jurisdiction to determine civil actions, regardless of the amount in controversy, if service of process is

accomplished pursuant to Wyo. Stat. Ann. § 1–6–301(c).

[¶ 2] The specific question presented by the district court is this:

Does the Circuit Court or the District Court have jurisdiction over a civil suit brought against a non-resident, where the prayer for recovery requests less than $7,000.00?

[¶ 3] We answer the certified question as follows: The circuit court has subject matter jurisdiction over a civil suit brought against a non-resident, where the prayer for recovery requests less than $7,000.00. Circuit courts' subject matter jurisdiction over civil matters is governed by Wyo. Stat. Ann. § 5–9–128 and is not impacted by the method of service of process. The portion of Wyo. Stat. Ann. § 1–6–301(c) relied upon by State Farm addresses venue and does not confer subject matter jurisdiction on a district court in a civil action where the amount in controversy does not exceed $7,000.00.

## FACTS

[¶ 4] The facts are undisputed. State Farm filed separate civil actions against the defendants in the district court for the Eighth Judicial District seeking compensatory damages arising from the alleged negligent operation of a motor vehicle.[1] In each case, State Farm sought less than $7,000.00 in compensatory damages. Neither defendant was a Wyoming resident. Both were served with process by service on the Secretary of State pursuant to Wyo. Stat. Ann. § 1–6–301. The defendants failed to respond to the complaints, and State Farm sought a default judgment against each defendant.

[¶ 5] The district court did not enter the judgments. Instead, acting *sua sponte*, the court questioned whether it had subject matter jurisdiction over the actions. The court recognized that, pursuant to Wyo. Stat. Ann. § 5–9–128(a), circuit courts have exclusive original civil jurisdiction over actions "where the prayer for recovery is an amount not exceeding seven thousand dollars

---

1. The complaint against Mr. Kunz was filed in Goshen County. Suit was brought against Mr. Dufka in Niobrara County.

($7,000.00)." Because service of process had been accomplished pursuant to Wyo. Stat. Ann. § 1–6–301, however, State Farm contended that the issue of subject matter jurisdiction was controlled by the specific language contained in that statute: "The district court of the county in which the cause of action arose or the district court of the county in which the plaintiff resides shall have jurisdiction over the action." Wyo. Stat. Ann. § 1–6–301(c). Faced with this apparent statutory conflict, the district court certified the question to this Court for resolution.

## DISCUSSION

[¶ 6] The certified question involves subject matter jurisdiction. To place it in context, we note that the state constitution establishes district courts as Wyoming's courts of general jurisdiction:

> The district court shall have original jurisdiction of all causes both at law and in equity and in all criminal cases, of all matters of probate and insolvency and of such special cases and proceedings as are not otherwise provided for. The district court shall also have original jurisdiction in all cases and of all proceedings in which jurisdiction shall not have been by law vested exclusively in some other court.

Wyo. Const. art. 5, § 10. As contemplated in this constitutional provision, the legislature established circuit courts as "other court[s]" with limited subject matter jurisdiction over specified matters. *See generally* Wyo. Stat. Ann. §§ 5–9–101 through –107, 5–9–127 through –131. Subject matter jurisdiction refers to the power of a court to hear and determine cases of the general class to which the proceedings in question belong. *Granite Springs Retreat Ass'n, Inc. v. Manning*, 2006 WY 60, ¶ 5, 133 P.3d 1005, 1009 (Wyo.2006). Subject matter jurisdiction is essential to the exercise of judicial power. *Id.* at 1009–10. If a court does not have subject matter jurisdiction, "it lacks any authority to proceed, and any decision, judgment, or other order is, as a matter of law, utterly void and of no effect for any purpose." *Id.* at 1010. Subject matter jurisdiction is not a subject of judicial discretion. It cannot be waived and can be raised at any time and on the court's

own motion. *Id.* at 1009–10. A court must be satisfied that it has the required jurisdiction before proceeding to disposition on the merits. *Id.* at 1010. There is no question that the district court acted appropriately in raising the issue of subject matter jurisdiction prior to entering the requested default judgments.

[¶ 7] In interpreting the two statutes at issue, our primary goal "is to determine the legislature's intent." *GDK v. State*, 2004 WY 78, ¶ 8, 92 P.3d 834, 836 (Wyo.2004). We first try to determine that intent by considering "the ordinary and obvious meaning of the words employed by the legislature." *Parodi v. Wyoming Dept. of Transportation*, 947 P.2d 1294, 1295 (Wyo. 1997). When a statute is clear and unambiguous, we give effect to the plain language of the statute. *Gunderson v. State*, 925 P.2d 1300, 1304 (Wyo.1996). If a statute is ambiguous, we try to discern its meaning using other aids, of which legislative history is one. *Olheiser v. State ex rel. Wyoming Worker's Compensation Div.*, 866 P.2d 768, 770 (Wyo. 1994). A statute is ambiguous if it is vague or uncertain and subject to varying interpretations. *Allied–Signal, Inc. v. Wyoming State Board of Equalization*, 813 P.2d 214, 219–220 (Wyo.1991).

[¶ 8] The statute dealing with circuit court jurisdiction provides as follows:

> (a) Each circuit court has exclusive original civil jurisdiction within the boundaries of the state for:
>
> (i) An action where the prayer for recovery is an amount not exceeding seven thousand dollars ($7,000.00).

Wyo. Stat. Ann. § 5–9–128. The language of this statute is clear and unambiguous, and State Farm does not contend otherwise. This statute was enacted as part of the legislature's reformation of Wyoming's former county courts into the present system of circuit courts. *See* 2000 Wyo. Sess. Laws ch. 24. The language plainly expresses the legislature's intent to provide circuit courts with subject matter jurisdiction over the specified civil matters.

[¶ 9] State Farm, however, relies on the language of Wyo. Stat. Ann. § 1–6–301, which provides as follows:

(a) The use and operation of a motor vehicle on any street or highway within Wyoming by any person upon whom service of process cannot be made within Wyoming either personally or by service upon a duly appointed resident agent is deemed an appointment of the secretary of state of Wyoming as the operator's lawful attorney upon whom may be served all legal processes in any proceeding against him....

(c) ... *The district court of the county in which the cause of action arose or the district court of the county in which the plaintiff resides shall have jurisdiction over the action.*

(Emphasis added.) Although the language seems straightforward on initial reading, a comparison of this statute with other Wyoming statutes reveals an ambiguity.

[¶ 10] The statute uses the word jurisdiction. However, its reference to the "district court *of the county* in which the cause of action arose or the district court *of the county* in which the plaintiff resides" (emphasis added) is very similar to language found in other Wyoming statutes addressing venue. For example, Wyo. Stat. Ann. § 1–5–107 provides that actions against non-residents and foreign corporations "may be brought in any county where the cause of action arose or where the plaintiff resides." *See generally* Wyo. Stat. Ann. §§ 1–5–101 through –109. In contrast, other Wyoming statutory and constitutional provisions addressing jurisdiction do not refer to the county or locality in which the court is located, but rather to the type of court that has jurisdiction. *See, e. g.,* Wyo. Const. art. 5, § 10 ("The district court shall have original jurisdiction of all causes both at law and in equity."); Wyo. Stat. Ann. § 5–9–129 ("Circuit courts have original jurisdiction in all misdemeanor criminal cases."). *See also* Wyo. Stat. Ann. § 5–9–128. Because the language of Wyo. Stat. Ann. § 1–6–301(c) suggests venue while using the word jurisdiction, it is ambiguous and subject to varying interpretations. This ambiguity requires us to dig deeper to determine the legislature's intent.

[¶ 11] The legislative history indicates that most of the provisions of Wyo. Stat. Ann. § 1–6–301 were enacted in 1935. 1935 Wyo. Sess. Laws ch. 43, § 1. The recognized general purpose of the statute was to provide "substituted service of process to afford redress to persons injured within the state as a result of the operation of a motor vehicle therein by a non-resident." *Zacharias v. Ippen,* 337 F.2d 445, 446 (10th Cir.1964). The particular sentence at issue ("The district court of the county in which the cause of action arose or the district court of the county in which the plaintiff resides shall have jurisdiction over the action.") was added to the statute by an amendment enacted in 1945. 1945 Wyo. Sess. Laws ch. 11, § 1.

[¶ 12] It is not immediately obvious what the legislature intended this amendment to accomplish. As noted above, district courts are courts of general jurisdiction, and would have subject matter jurisdiction over the specified actions with or without the addition of this sentence. Thus, it was unnecessary for the legislature to amend the statute if its intent was to confer subject matter jurisdiction on the district courts. We presume that "the legislature did not intend futile things." *City of Torrington v. Cottier,* 2006 WY 145, ¶ 15, 145 P.3d 1274, 1280 (Wyo. 2006). We must therefore reject the conclusion that the legislature intended the amendment to establish subject matter jurisdiction in the district courts.

[¶ 13] The legislature itself provided an indication of a different intent. The preamble to the 1945 amendment stated that it was "An Act to amend and re-enact [the statute] related to actions growing out of motor vehicle operations, *fixing the venue of such actions* and providing for service of process therein, upon the Secretary of State as attorney of non-residents." 1945 Wyo. Sess. Laws ch. 11 (emphasis added). One commentator referred to the amendment simply as the "venue provision," and explained it to mean that "the district court of the county in which the cause of action arose or where the plaintiff resides may hear the action." Kim McDonald, *Wyoming Nonresident Motorist Statute,* 18 Wyo. L.J. 231, 234 (1964).

[¶ 14] As we have explained previously, venue "as a modern legal concept refers to the county, district, or other geographical location in which, 'for the sake of fairness, convenience, or other commanding policy considerations, a cause is to be tried.'" *Sundance Mt. Resort v. Union Tel. Co.*, 2007 WY 11, ¶ 9, 150 P.3d 191, 195 (Wyo.2007) (quoting 77 Am.Jur.2d *Venue* § 1 (2006)).

> The distinction between "jurisdiction" and "venue" has been plainly established and has frequently been recognized. Jurisdiction connotes the power to decide a case on the merits, while venue denotes locality, the place where the suit should be heard.

*Wiglesworth v. Wyrick*, 531 S.W.2d 713, 721 (Mo.1976) (quoting 21 C.J.S. *Courts* § 15(c)). Because the statute in question indicates the locality where the suit should be heard, we must conclude that the legislature intended it to establish venue rather than jurisdiction.

[¶ 15] This is not the first time that the legislature used the word "jurisdiction" in a statute intended to establish venue. In *Myuskovich v. State ex rel. Osborn*, 59 Wyo. 406, 413, 141 P.2d 540, 542 (1943), we considered statutory language that read as follows:

> Jurisdiction over proceedings to compel support is vested in the district court of the county in which the alleged father is permanently or temporarily resident, or in which the mother or the child resides or is found.

In the Court's opinion, Justice Blume wrote that the "jurisdiction above mentioned ... is not, we think, jurisdiction of the subject matter. It relates to the venue of the action." *Id.* at 416, 141 P.2d at 543. We similarly conclude that, in the statute now at issue, the legislature used the word "jurisdiction," but meant to establish venue.

[¶ 16] State Farm contends that when two statutes directly conflict, the more specific governs over the more general. *See, e.g., Cooper v. Town of Pinedale*, 1 P.3d 1197, 1200 (Wyo.2000); *L.U. Sheep Co. v. Board of County Comm'rs*, 790 P.2d 663, 674 (Wyo.1990). State Farm asserts that the statute concerning non-resident motorists, Wyo. Stat. Ann. § 1–6–301, is more specific, and should control. It therefore urges us to hold that jurisdiction over the two cases at issue should lie in the district court.

[¶ 17] We need not resort to this canon of construction, however, because our reading of the two statutes resolves the apparent conflict. When faced with statutes that appear to conflict, we first attempt "to harmonize them so as to give full effect to each." *Jessen v. Burry*, 13 P.3d 1118, 1121 (Wyo.2000); *Cooper*, 1 P.3d at 1200. Our conclusions that Wyo. Stat. Ann. § 5–9–128(a) establishes subject matter jurisdiction, while Wyo. Stat. Ann. § 1–6–301 was intended to establish venue, resolves the apparent conflict, and gives full effect to each statute. Harmonizing the two statutes leads to this answer to the certified question: Circuit courts have subject matter jurisdiction over a civil suit brought against a non-resident, when the prayer for recovery does not exceed $7,000.00.

[¶ 18] We remand this case to the district court for proceedings consistent with this opinion.