In the Matter of the Application of BEN HOWE, Individually and as Chairman of the City Fusion Party, and JOHANNA M. LIND-LOFF, Individually and on Behalf of All Other Candidates, Petitioners, for a Mandamus Order against S. HOWARD COHEN and Others, Constituting the Board of Elections of the City of New York, Respondents.

KENNETH F. SIMPSON, as Chairman of the Republican County Committee of New York County, and Others, Intervenors.*

Supreme Court, New York County, October 16, 1935.

*Paul Windels, Corporation Counsel [Russell Lord Tarbox of counsel], for the respondents.

*Affd., 246 App. Div. 520; 268 N. Y. 706.

*John T. Dooling,* for the intervenor New York County Democratic Committee.

*Seymour Mork,* for the intervenor Bronx County Democratic Committee.

*Rubenstein & Rosling,* for the intervenor Kings County Democratic Committee.

*Charles Froessel,* for the intervenor Queens County Democratic Committee.

*Gabriel L. Kaplan,* for the intervenor New York County Republican Committee.

*A. David Benjamin,* for the intervenor Kings County Republican Committee.

*Aaron Benenson,* for the intervenors Herbert Brownell, Jr., and another.

COLLINS, J.   This is an application by the City Fusion party, an independent political body, in behalf of the candidates of that party, for a declaratory judgment concerning section 137, subdivision 4, of the Election Law, as amended by section 8 of chapter 955 of the Laws of 1935.

The disputed provision relates to the disqualification of signers of independent nominating petitions.   It is sought either to have the provision declared unconstitutional or to accord it such an interpretation as harmonizes with the petitioners' construction.

The 1935 amendment increases the minimum of signatures required on a petition for candidates of certain political units from five per cent to seven per cent of the total number of votes cast for Governor at the gubernatorial election immediately preceding in such unit with a maximum of 1,500 signatures and declares: " The name of a person signing such a petition for an election for which voters are required to be registered shall not be counted unless such person shall, on one of the days of registration, in such year, be registered as a qualified voter, or if such person participated in and voted at a primary election where a candidate was nominated for an office for which such petition purports to designate the same candidate."

The petitioners allege that this amendment is ambiguous and susceptible of two interpretations.   One that the amendment " disqualifies as a nominator of an independent candidate, who is also the candidate of the Republican party for the same office, not only all Republicans who voted in the primary election of the Republican party in 1935, but also all persons who voted in the

primary election of any other party in 1935." This construction it is urged would result in the exclusion of independent candidates in virtually all of the Assembly districts.

The other interpretation is that the disqualification relates only to a person who voted in the primary election of a political party which nominated the candidate sought to be nominated by independent petition for the same office.

The amendment is constitutional. A more stringent regulation was upheld in *People ex rel. Hotchkiss* v. *Smith* (206 N. Y. 231, 245).

But the amendment must be accorded a reasonable and just meaning. It was designed to cope with abuses, to prevent duplicity and to forestall unfair advantage. It was in no wise intended as a measure of disfranchisement. The policy of the law is to enhance rather than stifle free expression of political opinion. The voter's rights are paramount.

Giving the amendment the reasonable construction which is its due, and which inheres in the language of the section, I hold its prohibition to apply only to a situation where an attempt is made by those who participate in the primary of a party to name the same candidate who was successful at such primary by an independent petition, thus giving that successful candidate two lines on the voting machine. It follows from this interpretation that the board of elections must count as valid signatures appearing on nominating petitions of candidates of the City Fusion party and all other independent political bodies, who may also be candidates of a political party for the same office of all persons who did not vote at the primary election of the political party which nominated for the same office the same candidate sought to be nominated by independent petition.

In this conclusion the board of elections expresses complete agreement. A mandamus order, therefore, is unnecessary. The application is granted to the extent herein indicated.

Settle order on six hours' notice.