In the Matter of JOHN C. SULLIVAN, Petitioner, against S. HOWARD COHEN et al., Constituting the Board of Elections of the City of New York, et al., Respondents.

Supreme Court, Special Term, New York County, October 1, 1943.

*Vincent Tese* for petitioner.

*Irving H. Saypol* and *Leo Kotler* for Samuel Ecker, respondent.

PECORA, J. Pending consideration by the Board of Elections of objections to an independent nominating petition, two proceedings were instituted here, one to validate the petition and the other to reject it. The Board of Elections has since rejected the petition. Since the Board of Elections sustained the objections to the petition, the court need only consider the application of Sullivan to compel the Board to reinstate the independent petition. The independent petition purported to nominate one John Clinton Sullivan as a candidate of the Yorkville Neighbors Party for the office of Justice of the Municipal Court of the City of New York, Borough of Manhattan, Sixth District.

To effect an independent nomination there must be a minimum of 3,000 valid signatures. The petition reviewed by the Board of Elections contained 5,964 signatures. As a result of objections filed by Samuel Ecker, the candidate of the Republican and American Labor Parties, the Board of Election found at

least 3,571 signatures to be invalid, which left only 2,375 signatures, 625 less than the legal minimum requirement.

The Board struck out 313 signatures of individuals who had signed a primary petition for Sullivan in the Democratic primaries and 129 signatures of persons who had signed similar primary petitions for Ecker in the Democratic primaries. In addition, 674 signatures were stricken because the individuals had voted in the Democratic primary election. As to these latter 674, it is now established that the act of voting in the primary, in and of itself, disqualifies a signer of an independent petition. (*Matter of Howe* v. *Cohen*, 157 Misc. 197, affd. 246 App. Div. 520; affd. 268 N. Y. 706.) Subdivision 4 of section 137 of the Election Law provides that the name of a person signing an independent petition shall not be counted " if such person participated in and voted at a primary election where a candidate was nominated for an office for which such petition purports to designate the same candidate ". It will be noted that the statute says " participated in *and* voted ". The statute should be construed to give effect to all of its language. It must not be assumed that the Legislature was being tautological when it used the words " participated in ". When a person votes at a primary he " participates in " it, and voting alone is disqualifying. (*Matter of Howe* v. *Cohen, supra.*) Consequently, the word " and " must be construed in a disjunctive sense to give the statute meaning. I, therefore, hold that the statute requires that the signature to an independent petition which nominates a successful primary candidate shall not be counted if the signer participated in the primary by signing a designating petition for the office, or if he voted in the primary election. The action of the Board of Elections in striking out 442 names of persons who had signed designating petitions for the primary election is sustained.

The Board also struck out 692 signatures because the election district of the subscribing witness was incorrectly stated. The provisions of the Election Law (§ 137, subd. 1) are mandatory. (*Matter of Dorsey*, 268 N. Y. 620.) " The provision for a statement of the election district is not complied with by a statement of erroneous district." (*Matter of McElroy* v. *Cohen*, 286 N. Y. 686. See, also, *Matter of Lieblich* v. *Cohen*, 286 N. Y. 559.) The 692 signatures were, therefore, properly eliminated.

I have examined the other points raised by petitioner Sullivan with regard to the action of the Board of Elections and I find that he has not met the burden of showing that the Board of Elections erred in its conclusions in respect of at least 625

signatures necessary to bring the independent petition to within the minimum legal requirement. The petition of Sullivan is, therefore, dismissed, and the motion of petitioner Ecker is granted.

Settle order accordingly on one day's notice.