## HARRIS v. HANSON et ux.
### No. 2554.

District Court, D. Idaho, S. D.
Feb. 9, 1948.

Pete Leguineche, of Boise, Idaho, for plaintiff.

J. L. Eberle, of Boise, Idaho, for defendant.

CLARK, District Judge.

This is an action for personal injuries. The plaintiff is a resident and citizen of the State of Idaho and the defendants are residents and citizens of the State of California. No personal service was made. The plaintiff attempted to make service and confer jurisdiction in this Court by making service in accordance with the provisions of Chapter 34 of the 1933 Session Laws of the State of Idaho, which provides as follows:

"Section 1. Subject to a compliance with the motor vehicle law of this state, and the acceptance of the provisions of this Act, nonresident owners and operators of motor vehicles hereby are granted the privilege of using the roads, highways and streets of this state.

"Sec. 2. The acceptance by a nonresident of the rights and privileges conferred by the laws of the State of Idaho to use the roads, highways and streets of this state, as evidenced by his operating a motor vehicle thereon, shall be deemed equivalent to an appointment by such nonresident of the Secretary of State of the State of Idaho or his successor in office to be his true and lawful attorney, upon whom may be served all lawful summons and processes against him growing out of any accident, or liability collision in which said nonresident may be involved while operating a motor vehicle upon such highway; and said acceptance or operation shall be a signification of his agreement that any summons or process against him which is so served shall be of the same legal force and validity as if served on him personally within the State of Idaho. Service of such processes shall be made by leaving a copy of the process, with a fee of two dollars ($2.00), in the hands of the Secretary of State of the State of Idaho or in his office; and such service shall be sufficient and valid personal service upon said nonresident; provided, notice of such service and a copy of the process is forthwith sent by registered mail by the plaintiff to the defendant, and the defendant's return receipt and plaintiff's affidavit of compliance herewith are appended to the process and entered as a part of the return thereof; provided further, that personal service outside of the state in accordance with the provisions of the statutes of Idaho relating to personal service of summons outside of the state shall relieve a plaintiff from mailing copies of the summons or process by registered mail as hereinbefore provided. The court in which the action is brought may order such continuances as may be necessary to afford the defendant reasonable opportunity to defend the action.

"Sec. 3. The fee of two dollars ($2.00) paid by the plaintiff to the Secretary of State of the State of Idaho and the service shall be taxed in his costs if he prevails in the action.

"Sec. 4. Said Secretary of State shall keep a record of all such processes, which shall show the day and hour of service."

The defendants move to quash the service and to dismiss "for want of jurisdic-

482

tion over the persons of the defendants." It will be noted that this section of the statute above quoted conferring jurisdiction on the Courts of this State applies only to an action against a nonresident "growing out of any accident, or liability collision in which said nonresident may be involved while operating a motor vehicle upon such highways".

A like law has been held constitutional by the Supreme Court of the United States. Hess v. Pawloski, 274 U.S. 352, 47 S.Ct. 632, 633, 71 L.Ed. 1091. However, in that decision the Court said: "Under the statute the implied consent is limited to proceedings growing out of accidents or collisions on a highway in which the nonresident may be involved."

The facts as pleaded in the instant case and as shown by the affidavit attached to the motion to quash and dismiss, and as agreed to by both counsel for the plaintiff and the defendant in oral argument, are that the alleged accident occurred on a parcel of land adjacent to what is known as the "Pango Club". This plot of ground was used by patrons of the club in parking their automobiles. The parcel of land was privately owned, however, there was nothing to prevent anyone from using the space for parking so far as the record shows, but being privately owned it can be said, the owner or one in possession had a right to bar anyone from its use, to control its use or forbid its use entirely if he desired to do so.

It can plainly be seen that in order for this Court to hold jurisdiction it must find that such a parking lot is a highway.

Webster's International Dictionary defines a highway as "a road or way open to the use of the public. A main road or thoroughfare." Funk & Wagnalls Standard Dictionary defines a highway as "1, A public thoroughfare; specified line of travel. 2. A common or open way or course."

Section 39-101, Idaho Code Annotated defines a highway as follows: "Highways defined.—Highways are roads, streets or alleys, and bridges, laid out or erected by the public, or if laid out or erected by

others, dedicated or abandoned to the public."

Section 48-501, Idaho Code Annotated comprising the definition in connection with the vehicle code, defines a highway as: " 'Highway.' Every way or place of whatever nature open to the use of the public, as a matter of right, for purposes of vehicular travel. The term 'highway' shall not be deemed to include a roadway or driveway upon grounds owned by private persons, colleges, universities or other institutions."

It seems clear that this lot, privately owned, with the right of control of a private ownership, is not a highway within the meaning of the statute, and the alleged injury not having arisen from an accident or collision on a highway, this Court is without jurisdiction.

The motion to quash and dismiss is granted.