LANGLEY *v*. BUNN.

5-787                                              284 S. W. 2d 319

Opinion delivered December 5, 1955.

*Cole & Epperson,* for appellant.

*Wood, Chesnutt & Smith,* for appellee.

MINOR W. MILLWEE, Associate Justice.   The issue here is whether a nonresident motorist is amenable to substituted service of process in this state under our nonresident motorist statute where the alleged cause of action arises out of an accident involving the nonresident's automobile which occurred on private property adjacent to a public highway.

Appellant is an attendant at a service station located on private property adjacent to U. S. Highway No. 67 in Malvern, Arkansas.   He brought this action for scalds and burns which he allegedly suffered while servicing the automobile of appellee, a nonresident motorist, at said service station.   Substituted service was obtained on the Secretary of State as agent for appellee under our nonresident motorist statute [Act 199 of 1949] which now appears as Ark. Stats., Secs. 27-342.1 to 27-342.3.   By special appearance, appellee moved to quash the service because the complaint showed on its face that the alleged cause of action did not occur upon the public highways; and that appellee was neither authorized to nor doing business in Arkansas.   This appeal is from the order of the Circuit Court sustaining the motion to quash.

In reference to the point at issue Sec. 27-342.1, supra, provides: ". . . the acceptance by a nonresident owner  . . .  of the rights and privileges  . . .  to drive or operate  . . .  a motor vehicle upon the pub-

lic highway of [this] state . . . shall be deemed equivalent to the appointment . . . of the Secretary of the State of Arkansas . . . to be the true and lawful attorney and agent of such nonresident . . . upon whom may be served all lawful process in any action . . . growing out of any accident or collision in which said nonresident . . . may be involved while operating a motor vehicle on such highway . . . . . . . " By Sec. 27-341.1 the term "Public Highways," as used in the service statute, is defined to mean ". . . any public highway within the borders of the State of Arkansas including byways, county highways, highways in military reservations, whether used conditionally or unconditionally by the public." This is Section 1 of Act 417 of 1953, enacted following the decision in *Camden* v. *Harris,* 109 Fed. Supp. 311, which held the service statute did not apply to roads on U. S. Army posts or reservations.

In *Kerr, Administrator* v. *Greenstein,* 213 Ark. 447, 212 S. W. 2d 1, we held that our nonresident motorist service statute is to be strictly construed because it is in derogation of the common law. When the above mentioned statutes are so construed together, it is apparent that the Legislature intended that effective service of process may be had under the nonresident motorist statute when the nonresident is involved in an accident or collision while operating a motor vehicle on any public highway or byway in this state whether same be maintained by the county, state or United States, and whether used conditionally or unconditionally by the public. This has been the interpretation placed on similar statutes by the courts of other states.

In those jurisdictions with statutes like our own, the courts have uniformly held that valid service thereunder is limited to actions involving accidents or collisions which occur on the public highways and does not apply to accidents occurring on private property or growing out of the operation of the motor vehicle thereon. *Pawloski* v. *Hess,* 250 Mass. 22, 144 N. E. 760, 35 A. L. R. 945;

*Brauer Machine & Supply Co.* v. *Parkhill Truck Co.,* 383 Ill. 569, 50 N. E. 2d 836, 148 A. L. R. 1208; *Kelley* v. *Koetting,* 164 Kan. 542, 190 P. 2d 361; *Harris* v. *Hanson,* (Idaho) 75 Fed. Supp. 481; *Finn* v. *Schreiber,* 35 Fed. Supp. 638.

The service statutes of some states are by their terms made applicable to any accident or collision in which the nonresident may be involved while operating a motor vehicle *within the state.* The courts of these states have held that service on the nonresident motorist under such statutes is valid even though the action involving the nonresident occurs on, or arises out of operation of the motor vehicle on, private property. *Sipe* v. *Moyers,* 353 Pa. 75, 44 A. 2d 263; *Paduchik* v. *Mikoff,* 158 Ohio St. 533, 110 N. E. 2d 562.

The New York statute originally read like our own and was construed in *Finn* v. *Schreiber,* supra, as not applicable to an action for injuries sustained by a filling station operator while inflating a tire on the truck of a nonresident defendant which was parked on the filling station lot, because such vehicle was not being operated on a "public highway" within the meaning of the service statute. This case was decided in 1940. But the New York Legislature in 1942 amended the statute by substituting the words, "in this state," for the words, "on such a public highway," previously contained in the statute. The amended statute was held constitutional as a valid exercise of the police power in *Leighton* v. *Roper, Admr.,* 300 N. Y. 434, 91 N. E. 2d 876, 18 A. L. R. 2d 537, where the court said: "When decedent came upon the highways of this State with his automobile, he subjected himself to our jurisdiction, and consented, while here, irrevocably to bind his legal representatives in an action arising out of any accident in this State in which his automobile was involved."

It is clear that our statute is like the earlier New York statute and those involved in such cases as *Brauer Machine & Supply Co.* v. *Parkhill Truck Co.* and *Harris* v. *Hanson,* supra, and applies only to accidents or colli-

sions on a public highway, or arising out of the operation of a motor vehicle on a public highway. Until the Legislature sees fit to broaden its terms, our statute does not apply to accidents like that involved here, which occur upon, or arise out of the operation of a motor vehicle on, private property. The circuit judge correctly so held, and the judgment is affirmed.