PETER KOHANOVICH, Plaintiff Below, Appellant, v. CLEO L. YOUREE, Defendant Below, Appellee.

(*January* 7, 1959.)

SOUTHERLAND, C. J., WOLCOTT and BRAMHALL, J. J., sitting.

*John M. Bader* for appellant.

*George L. Sands* for appellee.

Supreme Court of the State of Delaware, No. 45, 1958.

WOLCOTT, J.:

This is an appeal from a judgment of the Superior Court of New Castle County quashing service of substituted process under 10 *Del. C.* § 3112(a) and dismissing the complaint.

The action was for personal injury sustained by the plaintiff as a result of an automobile accident occurring between the

plaintiff's car and the defendant's car. The defendant was a non-resident of Delaware at the time of the accident. The accident occurred on the parking lot of the Tide Water Oil Company located at Delaware City in New Castle County.

The action was instituted and service attempted to be had upon the non-resident defendant pursuant to 10 *Del. C.* § 3112 (a), which provides as follows:

"(a) Any non-resident owner, operator or driver of any motor vehicle, not registered under the laws of this State providing for the registration of motor vehicles, who accepts the privilege extended by law to non-residents of this State to operate or drive such motor vehicles on the public streets, roads, turnpikes or highways of this State by operating or driving such motor vehicle or by having the same operated or driven on any public street, road, turnpike or highway of this State shall by such acceptance of the privilege be deemed thereby to have appointed and constituted the Secretary of State of this State, his agent for the acceptance of legal process in any civil action against such non-resident owner, operator or driver arising or growing out of any accident or collision occurring within this State in which such motor vehicle is involved. The acceptance shall be a signification of the agreement of such non-resident that any such process when so served shall be of the same legal force and validity as if served upon such non-resident personally within this State."

The defendant moved to dismiss the complaint and quash the summons on the ground that the Superior Court lacked jurisdiction over the person of the defendant for the reason that the accident did not occur on a "highway" of the State of Delaware, but in fact occurred on a privately owned parking lot on the premises of Tide Water Oil Company. The summons was ordered quashed and, it appearing that there was no other available means of obtaining jurisdiction over the defendant, the complaint was dismissed. Plaintiff appealed.

Plaintiff makes two arguments in support of his appeal. The first argument is based upon the fact that in recodifying the non-resident motor vehicle operator's statute, which was first enacted as 1935 *Code*, § 4590, the phrase hereafter enclosed in brackets was omitted in the codification of the statute which now appears as 10 *Del. C.* § 3112(a):

"* * * In any civil action against such non-resident owner, operator or driver arising or growing out of any accident or collision occurring within this State in which such motor vehicle, [operated as aforesaid], is involved;"

Based upon the omission in the recodification and in reliance upon the decision of this Court in *Monacelli v. Grimes*, 9 *Terry* 122, 99 *A.* 2d 255, plaintiff argues that there has been an amendment in the statute which clearly makes it applicable to accidents occurring on privately-owned property.

We do not think the plaintiff's first argument is sufficient to require a reversal of the judgment for the reason that we think it probable that the omission of the phrase did not enlarge the scope of the statute as first enacted.

Plaintiff's second argument is that 10 *Del. C.* § 3112(a) was intended to devise a means of obtaining jurisdiction over non-resident operators of motor vehicles in Delaware in civil actions seeking damages as a result of accidents or collisions occurring within the State of Delaware whether or not such accidents occur on highways or privately-owned properties.

As we noted in *Castelline v. Goldfine Truck Rental Service*, 10 *Terry* 155, 112 *A.* 2d 840, 841, the purpose of 10 *Del. C.* § 3112(a) is to provide that by use of Delaware highways "a non-resident shall thereby be deemed to have appointed the Secretary of State of Delaware as his agent for the acceptance of service of process in any civil action growing out of an accident in which the motor vehicle of the non-resident is involved" and thus make the non-resident subject to suit in Delaware. The second argument of the plaintiff presents a question of statutory

construction to be resolved, if possible, in the light of the legislative intent in enacting the original statute. Once that intent is determined, it must be given effect even though a literal reading of the statutory language might seem to be inconsistent with the general intent. *Knox v. Georgia-Pacific Plywood Co.*, 11 *Terry* 315, 130 *A.* 2d 347.

It is clear to us that the fundamental purpose behind the statute is to afford a means of civil redress to persons injured in Delaware as a result of motor vehicle accidents in which one of the vehicles involved is owned by a non-resident of the state. In view of this fundamental purpose, it seems reasonable that the statute be construed, unless the statutory provisions prohibit such a construction, so as to make the remedy available to all persons injured as the result of the negligent operation of a non-Delaware car, which has been driven into Delaware over Delaware highways, provided the accident was caused as a result of the use of Delaware highways, or is attributable to the use of such highways.

The statute is the product of necessities caused by conditions of modern travel between states. It is a recognition by the General Assembly of the ease with which a non-resident motorist may enter and leave Delaware, and the burden placed upon some one injured in Delaware as a result of the negligence of such a non-resident if the injured person for redress is required to follow the non-resident to his domicile in order to bring suit. The clear legislative intent was to provide a remedy for injuries caused by the negligent operation of a non-resident's vehicle. We think courts in construing and applying the statute designed for such a purpose should do so in a manner which will not unduly restrict the affording of the sought-for remedy.

We think, therefore, the proper meaning of 10 *Del. C.* § 3112(a) is that, by the mere fact of accepting the privilege of driving a vehicle over Delaware highways, a non-resident thereby agrees to be sued for damages caused by the operation of his vehicle in Delaware, provided such operation is in connection with the use of the highways, or reasonably incidental thereto.

Such, in our opinion, is certainly the meaning of the statute in its present form. Nor would the inclusion of the phrase "operated as aforesaid", which was omitted from the codification of 1953, change the meaning, since we think the phrase is merely a reference back to the condition of operating a vehicle upon Delaware highways which brings the statute into play. To hold to the contrary would be a judicial emasculation of a statute intended to give redress to injured persons.

If, therefore, the case at bar is one of injury caused by the negligent operation of a non-resident's vehicle incidental to the use of Delaware highways, then the statute is available to the injured person to bring the non-resident into a Delaware court. We think this accident is of that character. The accident occurred on a parking lot of a large industrial establishment located adjacent to a Delaware highway to which the public having business with the concern was invited. The accident occurred as a result of the operation of the defendant's vehicle which thus became the instrument for the injuries. Presumably, the accident occurred as a result of an attempt by the defendant to drive his vehicle from the parking lot onto the adjacent highway. We think, therefore, that this accident may fairly be said to have been occasioned as incidental to the use by the defendant of Delaware highways.

To hold otherwise, would make the remedy of the statute dependent upon the precise site of occurrence, *i.e.*, within the lateral bounds of a highway right-of-way. Such a drawing of fine lines would defeat the fundamental purpose of the statute, particularly so, as in the instant case, when the moving of the actual point of impact a short distance farther on in the direction of the highway would have brought it within the scope of the statute. *Cf. Bertrand v. Wilds*, 198 *Tenn.* 543, 281 *S. W.* 2d 390; *Sipe v. Moyers*, 353 *Pa.* 75, 44 *A.* 2d 263.

Defendant cites to us in opposition to the conclusion we have reached the following decisions: *Ellis v. Georgia Marble Co.*, 191 *Tenn.* 229, 232 *S. W.* 2d 45; *Acuff v. Service Welding*

*and Machine Co., D. C.,* 141 *F. Supp.* 294; *Brauer Machine & Supply Co. v. Parkhill Truck Co.,* 383 *Ill.* 569, 50 *N. E.* 2d 836; and *Kelly v. Koetting,* 164 *Kan.* 542, 190 *P.* 2d 361. These cases, however, are not in point for in none of them did the injuries complained of result from an accident or collision involving operation of the non-resident's vehicle incidental to the use of the public highways.

For the foregoing reasons, the judgment below is reversed.