**STATE of Missouri at the relation of Dan BOYER, Relator,**

v.

**Honorable Noah WEINSTEIN, Judge of the Circuit Court of St. Louis County, Respondent.**

**No. 31681.**

St. Louis Court of Appeals.

Missouri.

Nov. 17, 1964.

Carter, Fitzsimmons & Brinker, Bernard C. Brinker, Clayton, for relator.

London & Greenberg, Burton M. Greenberg, St. Louis, for respondent.

ANDERSON, Judge.

This is an original proceeding in prohibition brought by relator, Dan Boyer, to prevent respondent as Judge of the Circuit

Court of St. Louis County from assuming jurisdiction of a case filed in said court styled Richard Pacanowski, plaintiff, vs. Dan Boyer, defendant, it being cause numbered 251,107, of the causes in said Circuit Court. Upon the filing of said petition for the writ in this court our preliminary writ issued, to which respondent in due time filed his return. Thereafter, relator filed a motion for judgment on the pleadings, and the cause was submitted to this court upon briefs and oral arguments.

The facts, which appear from the pleadings are not in dispute. Richard Pacanowski, plaintiff in the Circuit Court case, is a resident of St. Louis County, Missouri, and Dan Boyer, defendant, relator here, is a resident of the State of Indiana. Pacanowski and Boyer were involved in a two car collision on the premises owned by Famous-Barr Company, which was used by said company as a parking lot available to its customers at its Northland Store, 7601 West Florissant Avenue in the County of St. Louis. The collision occurred at the intersection of two driving lanes on said premises. Thereafter, Pacanowski instituted the suit in question, it being an action for damages for personal injuries alleged to have been sustained by him as a result of the alleged negligence of Dan Boyer. No personal service of summons was obtained on Boyer. Pacanowski sought to obtain service on Boyer by means of the so called "Long Arm Statute." Sections 506.200 to 506.320, RSMo 1959, V.A.M.S. The petition and summons in said cause was served on the Secretary of State of Missouri in accordance with Section 506.240, RSMo 1959, V.A.M.S., and as provided in paragraph 2 of said section, the Secretary of State mailed to defendant, by registered mail, a notice of such service together with a copy of the process and petition served upon him.

Thereafter, defendant, Dan Boyer, appeared specially and filed a motion to quash the service and sheriff's return showing service on the Secretary of State, and to dismiss the action on the grounds that the court could not acquire jurisdiction over the person of defendant by service in accordance with Sections 506.210 and 506.-240, RSMo 1959, V.A.M.S., because defendant, a nonresident, was not, at the time of the collision, operating his motor vehicle on a public highway of the state, but on private property. The respondent overruled said motion. Relator then filed in this court his petition for a writ of prohibition.

In this court, relator contends, as he did in the Circuit Court, that the service of summons on the Secretary of State is invalid because the cause of action by Richard Pacanowski against relator did not arise out of the use and operation of his motor vehicle on a public highway in this state.

The statute (Section 506.210 RSMo 1959, V.A.M.S.), so far as applicable to the matter before us provides:

"The use and operation of a motor vehicle or trailer in this state on the public highways thereof by a person who is a nonresident of this state shall be deemed:

"(1) An agreement by him that he * * * shall be subject to the jurisdiction of the courts of this state in all civil actions and proceedings brought against him * * * by either a resident or a nonresident plaintiff, for damages to person or property, * * * growing or arising out of such use and operation; and

"(2) An appointment by such nonresident * * * of the secretary of state of Missouri as his lawful attorney and agent upon whom may be served all process in suits pertaining to such actions and proceedings;

"(3) An agreement by such nonresident that any process in any suit so served shall be of the same

legal force and validity as if personally served in this state."

The phrase "such use and operation" in subsection (1) of the foregoing statute must refer to "use and operation of a motor vehicle or trailer in this state on the public highways thereof," which appear in the first paragraph of said section, or else the word "such" would have no meaning.

■ There are no Missouri cases in point on the issue involved herein. However, the better rule seems to us to be that where the statute providing for substituted service on a nonresident is limited to actions growing out of the operation of motor vehicles upon the highways of the state, nonresidents involved in automobile accidents occurring on private property are not amenable to service under such statute; that the cause of the injury must arise on the highway. Brauer Machine and Supply Co. v. Parkhill Truck Co., 383 Ill. 569, 50 N.E.2d 836, 148 A.L.R. 1208; Harris v. Hanson et ux., D.C., 75 F.Supp. 481; Langley v. Bunn, 225 Ark. 651, 284 S.W.2d 319; Boulay v. Pontikes et al., D. C., 93 F.Supp. 826. In the latter case, the Missouri Statute was involved, and in disposing of the case as to one of the defendants charged with negligence, which did not occur on the highway, although the collision did occur on a highway in this state, the court said:

"* * * a contractual obligation on non-resident motorists who use the highways of said state for the operation of their motor vehicles, is in derogation of the common law and affects substantial rights so that it cannot be extended by implication but must be strictly construed. Cf. Wood v. White [68 App.D.C. 341], 97 F.2d 646; certiorari denied 304 U.S. 578, 58 S.Ct. 1048, 82 L.Ed. 1541; Kirchner v. N. & W. Overall Co., D.C., 16 F.Supp. 915. * * *"

Where the statute providing for substituted service covers any accident growing out of the operation of the nonresident's motor vehicle "within the state," the nonresident motorist is generally held amenable to service of process under the statute even though the accident happened on private property. Such was the situation in Kohanovich v. Youree, 1 Storey 440, 51 Del. 440, 147 A.2d 655, 73 A.L.R.2d 1347 (1959), and Bertrand v. Wilds, 198 Tenn. 543, 281 S.W.2d 390, which cases are relied upon by respondent. The foregoing cases are also bottomed in the theory that, although, the accident occurred on private property, the use to which the automobile was put at the time the alleged negligent acts were committed was incidental to the operation of the vehicle upon the highway. This same reason is put forward to support the service of process in Schefke v. Superior Court of San Francisco, 136 Cal. App.2d 715, 289 P.2d 542 (1955); and State ex rel. Mohr v. District Court of the Thirteenth Judicial District, 138 Mont. 452, 357 P.2d 891, also relied upon by respondent. In Kohanovich, the accident happened on a private parking lot. In Bertrand, it occurred on a driveway of a Veterans Hospital owned and operated by the federal government in Tennessee. There was a statute in Tennessee which defined highways and in said definition there was included "drive way" under the control of the state or federal government. In Schefke, defendant backed his automobile into plaintiff on the premises of Standard Oil Company where he had gone to have it serviced. In State ex rel. Mohr v. District Court, plaintiff was injured when a truck overturned on a temporary road which led from the public highway to a gravel pit over which gravel was hauled to the highway for the purpose of repair or reconstruction of a part of the highway. There were no signs excluding the public from use of the road or guards to prevent members of the public from using it. Mohr used this road as did salesmen and others desiring to view the project. The court held that the road in question was an integral part of the highway system.

In our judgment, the operation by Dan Boyer of his automobile on the Famous-Barr parking lot, though an event which followed his use of the highway, was not incidental to such use because it was not a necessary or essential part thereof and directly related thereto. Such being the case, relator was not amenable to service of process under Section 506.240, supra, in the action brought against him.

Our writ should be made permanent as to proceeding further with the trial of the case under the present service of process. It is not our purpose to prohibit the prosecution of said suit in the event legal service is had on defendant.

Our preliminary rule in prohibition is therefore amended so as to provide that respondent take no further action in said cause unless legal service is had on defendant, and as amended said writ is made absolute.

RUDDY, P. J., and WOLFE, J., concur.