Esther C. BARON, Respondent,

v.

Sam AFTERGUT, Harry Epstein, Sid Bierman and Alvin Siteman, Co-partners, d/b/a Hanley Realty Company, Appellants.

No. 50642.

Supreme Court of Missouri,

Division No. 1.

March 8, 1965.

**536**

Everett Hullverson, Corinne Richardson, Orville Richardson, Hullverson, Richardson & Hullverson, St. Louis, for respondent.

Louis A. Robertson, Robertson, Baker & DeVoto, St. Louis, for appellants.

HIGGINS, Commissioner.

Action for $35,000 damages for personal injury. Defendants obtained verdict and judgment; the trial court awarded plaintiff a new trial, and defendants have appealed.

Plaintiff was injured while an invitee of her sister who rented an apartment on premises owned by defendants. On the occasion in question she entered the apartment building through the front door, but left by the rear door because she was going to ride with a friend whose car was at the rear of the building. It was dark and raining and this was the first time plaintiff had used the rear door. There was a concrete platform 51½ inches wide which extended 8 inches on each side of, and 44 inches outward from, the rear doorway. It was 20 inches high and three steps led from it to the ground. It had no bannister or railing and was said to be "dimly lighted" by an overhead fixture containing a 60-watt bulb in a "dirty bug-encrusted" bowl. Plaintiff pushed the screen door about "one-fourth way open" and back to her right. She stepped out on her right foot, then her left, and thereafter fell off the left side of the porch to the ground and to her injury.

Plaintiff's case was submitted to the jury by Instruction No. 1: "The Court instructs the jury that if you find and believe from the evidence that on the occasion mentioned in evidence Mrs. Baron, the plaintiff, had been visiting one of the tenants in the building mentioned in evidence owned by the defendants, and that she attempted to leave the premises by means of the doorway, platform and steps mentioned in evidence, and that in so doing she fell from the platform and was injured, *and that at the said time she was exercising ordinary care for her own safety* and was not guilty of contributory negligence as submitted in Instruction No. 4, and

"If you also find and believe from the evidence that the platform was not protected with a bannister and that its edge was about 8 inches to the side of the doorway, and that the platform was reached by means of a screendoor that swung outwardly and had a strong spring thereon, and that the angle and resistance of the screendoor were such as would tend to make the user veer to his left if he or she was unaware of the nearness of the edge of the platform, and that by reason of these conditions this exit and platform were not reasonably safe unless the platform was equipped with a bannister or was adequately lighted for the use of tenants' guests unfamiliar with the premises who might be using them in the nighttime, and

"If you further find and believe from the evidence that these portions of the premises were not adequately lighted on this particular occasion so as to permit tenants' guests to use them with reasonable safety and that Mrs. Baron was unfamiliar with them and their condition, and that in failing to provide the platform with a bannister and in failing to provide it with adequate lighting, the defendants failed to exercise reasonable care and were negligent, and that as a direct result thereof Mrs. Baron failed to see the edge of the platform and stepped to one side after pushing open the screendoor because of the angle and resistance of the door, and that in so doing she stepped off of the platform and fell to

the ground and was injured, then and in that event Mrs. Baron is entitled to recover and your verdict should be in her favor and against the defendants." (Emphasis ours.)

The order granting new trial states: "Plaintiff's Motion for New Trial is sustained on the grounds set out in paragraphs 5–A, B and C relating to Instruction 3, and paragraphs 7–A, B, C, D, E, F and G relating to Instruction No. 7 of said Plaintiff's Motion * * *."

We turn first to Instruction No. 3: "The Court instructs the jury that if you find and believe from the evidence that the platform mentioned in evidence was sufficiently lighted on the occasion mentioned in evidence so as to permit plaintiff by the exercise of ordinary care for her own safety, to use said platform with reasonable safety to herself, then plaintiff is not entitled to recover and your verdict should be in favor of defendant." Reasons for holding this instruction erroneous adopted by the trial court are: "A. Instruction No. 3 * * * improperly injected contributory negligence into the instruction by the requirement of 'exercise of ordinary care' by the plaintiff"; "B. The instruction required defendants to make safe the place of exit only for persons exercising ordinary care. The duty of the plaintiff was not properly a part of Instruction No. 3. It assumed * * * that the plaintiff was not exercising ordinary care for her own safety"; "C. The instruction placed the burden of proof upon the plaintiff to prove that she was exercising ordinary care for her own safety instead of * * * upon the defendants * * *. It is, therefore, in direct conflict with Instruction No. 5 * * *."

■ Instruction No. 3 is not erroneous for any of the above reasons. Each reason is bottomed upon a condemnation of the use of "by the exercise of ordinary care." Such criticism is not meritorious here because, irrespective of defendants' duty of ordinary care, Lewis v. Gershon, Mo.App.,

335 S.W.2d 522, 524, plaintiff was required to exercise ordinary care on her part in the use of the premises, Winters v. Hassenbusch, Mo.App., 89 S.W.2d 546, 550[4], and plaintiff saw fit to set forth her duty in her verdict-directing instruction. (See emphasis in Instruction No. 1.) Plaintiff should not be permitted, therefore, to complain of the use of her own language in converse Instruction No. 3, because it is her verdict-directing instruction which first injected her duty as an element of her right of recovery.

We turn next to Instruction No. 7: "The Court instructs the jury that the mere fact of itself that plaintiff was injured and has brought suit claiming defendants were negligent is no evidence whatever that defendants were in fact negligent. Negligence is not in law presumed, but must be proven by evidence as explained in other instructions." The trial court adopted seven grounds of error respecting this instruction; however, respondent has supported the trial court on but one ground: "G. This instruction is erroneous because the trial * * * occurred after June 11, 1962, when it was decided * * * in * * * Wise vs. St. Louis Public Service Co., Mo., 357 S.W.2d 902, 'in the interest of proper administration of justice to eliminate' from practice after the date of the opinion 'mere fact' instructions containing the phrase 'you should not find the defendant negligent from the mere fact of the occurrence shown by plaintiff's evidence' or 'language to that effect', such as contained in Instruction No. 7." In addition, respondent contends that the trial court should be upheld in granting a new trial for giving cautionary Instruction No. 7 absent an abuse of discretion.

We consider first the effect of Wise v. St. Louis Public Service Co., Mo., 357 S.W.2d 902. There plaintiff's wife fell while a passenger on defendant's streetcar. Submission was under the res ipsa loquitur doctrine to which defendant offered a burden of proof instruction containing the caution

hereinafter set out. We quote the discussion at l. c. 905 [4] in more detail than previously set out from plaintiff's motion for new trial: "On a retrial of this case, is the court to give a burden of proof instruction, if offered, containing the clause 'you should not find the defendant was negligent from the mere fact of the occurrence shown by the plaintiff's evidence' or language to that effect? We say, 'No.' We have decided, in the interest of the proper administration of justice, to eliminate such instructions from our practice. They have tended to confuse rather than clarify the law. Burden of proof instructions can be drawn without such language as was said in the case of Stumpf v. Panhandle Eastern Pipeline Co., 354 Mo. 208, 189 S.W.2d 223, l. c. 229(13, 14): 'The instruction is argumentative, and the cautionary "mere fact" unnecessary.' *The res ipsa loquitur doctrine is based upon the theory that a plaintiff is entitled to have his case submitted to a jury on the theory that the occurrence justifies an inference of negligence.* 65 C.J.S. Negligence § 220(2) pp. 987–993. In Harke v. Haase * * *, 335 Mo. 1104, 75 S.W.2d [1001] l. c. 1003(2, 3), this court said, 'The fact of the occurrence was all that plaintiff's evidence showed in this case. We will therefore consider this case as a res ipsa loquitur case.' *In such cases, a jury may or may not infer negligence from the fact of the occurrence alone.*" Thus, we see that the author limits his proscription of "mere fact" instructions to res ipsa loquitur submissions. We note also that Wise v. St. Louis Public Service Co., supra, was decided by this court en banc with but two judges joining the author; two judges concurred in result only, one judge concurred in result in separate opinion, and one judge concurred in result and in the separate opinion. Thus, the court cannot be said by that case to have outlawed all "mere fact" instructions. (We suggest attention, however, to Missouri Approved Jury Instructions by which mere fact instructions are now outlawed.)

■ Next we note that Instruction No. 7 is exactly the same as language held free of error in LeGrand v. U-Drive-It Co., Mo., 247 S.W.2d 706, 711 [8]. Even though the cases indicate mixed feelings concerning "mere fact" instructions, the instruction here has been thus approved by this court, and Wise v. St. Louis Public Service Co., supra, did not overrule or withdraw such approval.

■ Having determined both instructions in question to be free of error in their application to this case, we cannot uphold the trial court in granting a new trial on their account. We are not unmindful of the rule that where a new trial has been granted we view the errors assigned by the trial court with a "broad and liberal" construction, Bierman v. Langston, Mo., 304 S.W.2d 865, 868 [8], Mochar Sales Co. v. Meyer, Mo., 373 S.W.2d 911, 916 [10], but we cannot stretch that rule to cover the grant of a new trial on account of errors in instructions when such instructions are not erroneous. Warren v. Kansas City, Mo., 258 S.W.2d 681, 683 [2].

Accordingly, the judgment is reversed and the cause remanded with directions to reinstate the verdict and judgment in favor of defendants.

HOUSER and WELBORN, CC., concur.

PER CURIAM.

The foregoing opinion by HIGGINS, C., is adopted as the opinion of the court.

All concur.