William Joseph IMBLER, Plaintiff-Appellant,

v.

Bill WOOLEDGE and Lawrence A. Schumaker and Herbert H. Schumaker, d/b/a Missouri Builders Supply Company, Defendants and Third-Party Plaintiffs-Respondents,

v.

Samuel M. SEWARD, Defendant-Appellant.

Marvin GRIES, d/b/a Gries Excavating Company, Defendant and Third-Party Plaintiff-Respondent,

v.

KEN EVANS, INC., a Corporation, Third-Party Defendant.

No. 50953.

Supreme Court of Missouri,

Division No. 1.

June 14, 1965.

Motion for Rehearing or to Transfer to Court En Banc Denied July 12, 1965.

W. F. Daniels, Fayette, Scott O. Wright, Brown, Wright & Willbrand, Columbia, for plaintiff-appellant.

Robert L. Wesner, Wesner, Wesner & Meyer, Sedalia, for defendant-respondents, Wooledge and Schumaker.

Shifrin, Treiman, Agatstein & Schermer, Edwin G. Shifrin, St. Louis, for defendant-appellant, Samuel M. Seward.

Terence C. Porter, Columbia, Welliver, Porter & Cleaveland, Columbia, of counsel, for respondent Marvin Gries.

HIGGINS, Commissioner.

Action for $75,000 damages for personal injuries in which judgment was entered for plaintiff against defendant Seward for $30,000, and against plaintiff and for defendants Bill Wooledge and Lawrence A. Schumaker and Herbert H. Schumaker, d/b/a Missouri Builders Supply Company, and Marvin Gries, d/b/a Gries Excavating Company. (Trial of issues between these parties was ordered separate from third-party claims and counterclaims involving Ken Evans, Inc.) Plaintiff and defendant Seward have appealed.

Plaintiff, an ironworker, was employed by Ken Evans, Inc., general contractor for construction of an I.G.A. Supermarket in Boonville, Missouri. Defendant Gries subcontracted the excavation work; defendants Schumaker subcontracted to furnish concrete; and defendant Wooledge was a driver for Schumakers. Defendant Seward was the construction superintendent for the general contractor.

At the time of the accident all the excavating had been completed and accepted and a retaining wall was being poured against the excavation wall. The forms for the retaining wall had been erected about 1½ feet inside the excavation, and ran for about 78 feet both north and south of the northeast corner of the excavation which was about 13 feet deep at that corner. There was a public alley along the east side of the excavation and a private drive led from the alley west along the north side of the excavation to a garage. There was a fill of cinders, brickbats, and rock along the north side of the excavation. It was said to have sloughed off from time to time and was described as being visible, but its location was disputed, as was its depth which varied from 10 to 12 inches to 2½ to 4 feet.

The accident occurred when a truck loaded with concrete owned by Schumakers and driven to the site by Wooledge fell into the excavation. Wooledge had backed the truck from the alley into the private driveway in order to unload the concrete into the north wall form. The truck was 8 feet wide by 22 feet 9 inches long, and weighed 18 tons with its load. Seward assisted the truck driver by giving directions to indicate, as with previous loads, where he wished the load discharged. Wooledge also used his own judgment as to how close to get to the excavation, and he stopped short of the point where Seward had indicated he wished the truck stopped. After stopping, Wooledge set the brakes, got out, went to the left rear of the truck, and started unloading. The truck was sitting at about a 45-degree angle with the right rear wheel somewhere between 3 and 10 feet from the excavation. When about two-fifths unloaded, the ground underneath the truck gave way and the truck fell into the excavation and against a form upon which plaintiff was working. Plaintiff claimed that the force knocked him to the ground and injured him.

Plaintiff seeks a new trial against defendants Wooledge and Schumaker on an allegation of error relating to Instruction D-5, contending that it assumes facts not in evidence; that those defendants were not entitled to a sole cause instruction; that it fails to hypothesize the necessary facts for a sole cause instruction, and that it fails to negative the negligence of those defendants as has been required of sole cause instructions.

Instruction D-5, which defendants Wooledge and Schumaker call their converse instruction, follows: "The Court instructs the jury that if you find and believe from the evidence that at the time and place mentioned in evidence Bill Wooledge backed the truck into the position described in evidence as he was directed to do by the defendant Seward and that in so doing Bill Wooledge did exercise ordinary care and was not negligent, then you are instructed that your verdict must be in favor of Lawrence Schumaker, Herbert Schumaker, and Bill Wooledge." Plaintiff characterizes this as a sole cause instruction by which a defendant may undertake to absolve himself from liability by submitting a hypothesis of facts from which a jury could find that the negligence of the plaintiff or of some third person was the sole proximate cause of plaintiff's injuries; but a sole cause instruction is to be distinguished from a converse instruction which does not call for a hypothesis of facts and by which a defendant may seek to absolve himself on the ground that he was not negligent in the respects charged in plaintiff's submission. Happy v. Blanton, Mo., 303 S.W.2d 633, 637 [3–6]; Kimbrough v. Chervitz, 353 Mo. 1154, 186 S.W.2d 461, 466 [10–15]; Hall v. Clark, Mo., 298 S.W.2d 344, 348 [3–6].

Plaintiff submitted in Instruction P-1 that if the jury found that defendant Wooledge " * * * failed to use ordinary care in backing said concrete truck * *," the verdict should be against defendants Wooledge and Schumaker; and in Instruction P-2 that if the jury found that defendant Seward " * * * failed to exercise ordinary care in directing the backing of the concrete truck * * *," the verdict should be against defendant Seward. Thus, in view of the foregoing distinction and the submission in P-1, we hold that Instruction D-5 is a converse of an element essential to plaintiff's recovery, i. e., the failure of defendant to exercise ordinary care. McCarty v. Milgram Food Stores, Mo., 252 S.W.2d 343, 344. Being a converse instruction, it is not subject to any of the charges leveled at it as a sole cause instruction; and plaintiff cannot complain of the reference to the directions of defendant Seward or that such was contrary to the evidence because such facts were contained in his own hypothesis in Instruction P-2. Frazier v. Ford Motor Co., 365 Mo. 62, 276 S.W.2d 95, 102 [7, 8]; Baron v. Aftergut, Mo., 387 S.W.2d 535, 537 [2].

We hold that the court did not err in giving Instruction D-5.

As ground for a new trial against defendant Gries, plaintiff charges that the court erred in excluding expert testimony offered from defendant Seward relative the safety of the excavation. Plaintiff's offer of proof was: "I will prove by this witness (Seward) that if he were permitted to testify that he would state that this fill of two and a half to four feet deep along the north wall of the excavation, and that this fill had loose brick and cinders and other debris and that the excavation wall would not be safe and would be dangerous * *." Immediately after the objection of defendant Gries to this offer was sustained, the question and answer following were asked of and received from the witness Seward:

"Q  Let me ask you one other question. Assuming that this fill which I have referred to of two and a half to four feet deep along the north wall, and assuming further that the fill had sluffed off several times prior to the date that it fell in with the truck, and assuming further that they were going to pour concrete out of trucks into the retaining wall, would you consider this a safe condition to leave there? * * A  Under your assumptions, no, it would not be safe."

Thus, plaintiff got the evidence which he sought by his offer of proof, and the error, if any, in refusing the offer was

cured. McMillan v. Bausch, Mo., 234 S.W. 835, 836 [1, 2].

Defendant Seward contends that "Service obtained upon Defendant-Appellant, Samuel M. Seward, an Illinois resident, under the provisions of Missouri Non-resident Motorist Statute, R.S.Mo. 506.200 et seq., was invalid and did not confer jurisdiction over the person of Seward upon the courts of Missouri." This contention was first urged by motion to quash in which Seward contended that plaintiff's second amended petition showed on its face that Seward was not the user or operator of a motor vehicle on the public highways at the time mentioned, and was maintained and preserved throughout all proceedings, including motion for new trial.

In order to cause process to issue under Section 506.200 et seq., RSMo.1959, V.A.M.S., plaintiff alleged in his second amended petition "that the Defendant, Samuel M. Seward, is a nonresident of the State of Missouri whose domicile and residence is in the State of Illinois and whose address is 526½ East Court Street, Paris, Illinois, and that at all times herein mentioned the said Samuel M. Seward was individually and/or as the agent, servant and employee of Lawrence A. Schumaker and Herbert H. Schumaker, d/b/a Missouri Builders Supply Company, and was engaged in the use and operation of a motor vehicle * * * on the public highways of the State of Missouri." Defendant Seward concedes that the above allegation was sufficient to cause process to issue and that the provisions of the statute were complied with; but he contends the service thereby obtained upon him is invalid because: (a) he was not a "person" using and operating a motor vehicle within the meaning of the statute; (b) the accident involved occurred on private property; and (c) the accident occurred while the vehicle was unloading and the vehicle thus was not in "use and operation."

Section 506.200, RSMo.1959, V.A.M.S., defines "person" as:

"(1) The owner of the motor vehicle or trailer, whether it is being used and operated personally by said owner or by his agent;

"(2) An agent using and operating the motor vehicle or trailer for his principal;

"(3) Any person who is in charge of the motor vehicle or trailer and of the use and operation thereof with the express or implied consent of the owner."

Section 506.210, RSMo.1959, V.A.M.S., provides in part:

"The use and operation of a motor vehicle or trailer in this state on the public highways thereof by a person who is a nonresident of this state shall be deemed:

"(1) An agreement by him that he * * shall be subject to the jurisdiction of the courts of this state in all civil actions and proceedings brought against him * * * for damages to person or property * * * growing or arising out of such use and operation; and

"(2) An appointment by such nonresident * * * of the secretary of state of Missouri as his lawful attorney and agent upon whom may be served all process in suits pertaining to such actions and proceedings;

"(3) An agreement * * * that any process * * * so served shall be of the same legal force and validity as if personally served in this state."

■ In Boulay v. Pontikes, D.C., 93 F. Supp. 826, 828 [1, 2], the court said: "The Non-resident Motorist Statute of Missouri, imposing a contractual obligation on non-resident motorists who use the highways of said State for the operation of their motor vehicles, is in derogation of the common law and affects substantial rights so that it cannot be extended by implication but must be strictly construed." See

State ex rel. Boyer v. Weinstein, Mo.App., 384 S.W.2d 275, 277 [1].

■ Plaintiff's second amended petition shows that aside from the averment by which process was caused to issue against Seward, there are no allegations of use and operation of a motor vehicle on the public highway. On the contrary, the petition shows that the excavation in which the retaining wall was being poured was not in or on the public highway; that plaintiff was inside the excavation when the truck fell into the excavation and against the form upon which plaintiff was standing; that the truck was being backed to the excavation and along the excavation wall for the purpose of unloading concrete into the excavation; that the excavation wall which gave way and upon which the truck was being operated was not in or a part of the public highway; that it was this operation of the truck with which Seward was charged to have a part by giving hand directional signals. Thus, the incidents of use and operation of the truck and negligent acts alleged to have given rise to the accident in this case occurred off and away from the public highway, and they were not connected with, nor did they grow out of, use and operation of the truck on the highway. Even if Seward is assumed to be a "person" within the meaning of the statute, the use and operation described here did not render him subject to process under Section 506.200 et seq., supra, and the court acquired no jurisdiction over him. State ex rel. Boyer v. Weinstein, supra, 1. c. 278 [2].

■ Plaintiff contends that there was evidence to show that the accident occurred on a public highway, and points to the testimony of the driver of the truck, defendant Wooledge, who testified that his right front bumper was "partially still in the alley." This does not affect our holding because even if the bumper was partially in the alley, it was there only as an incident to the described operation and accident which occurred off the public highway. Plaintiff apparently placed no value on this evidence either, because he pleaded and submitted his case against both Seward and Wooledge on failure to use ordinary care. He could have pleaded and submitted his case on the highest degree of care if he had intended to charge negligent operation of a motor vehicle on the public highway. Section 304.010, RSMo.1959, V.A.M.S. Plaintiff cites Kohanovich v. Youree, 1 Storey 440, 51 Del. 440, 147 A.2d 655, 73 A.L.R.2d 1347, and Schefke v. Superior Court, 136 Cal.App.2d 715, 289 P.2d 542, in support of his argument that Seward was subject to the statute, but they are not in point for the same reasons and distinctions ably drawn in State ex rel. Boyer v. Weinstein, supra, 384 S.W.2d 1. c. 277 [1].

Accordingly, the judgment in favor of defendants Bill Wooledge and Lawrence A. Schumaker and Herbert H. Schumaker, d/b/a Missouri Builders Supply Company, and Marvin Gries, d/b/a Gries Excavating Company, is affirmed; the judgment against defendant Samuel M. Seward is reversed and the cause is remanded with directions to quash the service obtained upon defendant Samuel M. Seward.

HOUSER and WELBORN, CC., concur.

PER CURIAM.

The foregoing opinion by HIGGINS, C., is adopted as the opinion of the court.

All concur.