217 A.2d 434.

CHARLES E. HENNESSEY, JR. *vs.* BENJAMIN SUHL.
CHARLES E. HENNESSEY, JR. *vs.* CLAUDE BAMBERGER
MOLDING COMPOUNDS CORP.
CHARLES E. HENNESSEY, JR. *vs.* CLAUDE P. BAMBERGER, INC.

MARCH 8, 1966.

PRESENT: Roberts, C. J., Paolino and Joslin, JJ.

ROBERTS, C. J. These actions of trespass on the case for negligence were brought to recover for personal injury alleged to have been sustained when the plaintiff was struck by a motor vehicle owned by the defendant corporations on premises located on the northerly side of Waterman street in Providence on which a car wash, so called, is operated. A justice of the superior court heard and sustained the defendant's plea in abatement in each case, in which it was alleged that the court was without jurisdiction because no valid service of process had been made. From that decision of the superior court the plaintiff is prosecuting in each case a bill of exceptions to this court.

It is not disputed that plaintiff was employed at the car wash and, while working about the premises, was struck by defendants' motor vehicle. Service on these defendants was obtained, if at all, under G. L. 1956, §31-7-6. It is therein provided that in circumstances prescribed in the statute jurisdiction over a nonresident defendant may be obtained by substituted service made on the registrar of motor vehicles as the attorney for the service of process on the defendant. The sole issue raised by the plea in abatement in each case is whether in the instant circumstances the statute has application.

Section 31-7-6 provides, in pertinent part, that "the operation by a nonresident, his servant or agent, of a motor vehicle on a public highway in this state * * * shall be deemed equivalent to an appointment by such nonresident of the registrar of the registry or his successor in office, to be his true and lawful attorney upon whom may be served all lawful processes in any action or proceeding against said nonresident, growing out of any accident or collision in which said nonresident, his servant or agent, *may be involved while operating a motor vehicle on such a way,* and said * * * operation shall be a signification of said nonresident's agreement that any such process against him which is served as provided in this chapter shall be of the same legal force and validity as if served on him personally." (italics ours)

The defendants, as we understand them, concede the operation of a motor vehicle on the highways of this state as constituting consent to the substituted service of process. They argue, however, that the consent thus given extends only to service of process in actions which are brought as a result of a collision in which the defendant may be involved while operating a motor vehicle on "such a way" and, therefore, does not extend to the instant situation, where the accident occurred on private property.

The plaintiff, on the other hand, contends that the phrase "operating a motor vehicle on such a way" contemplates not merely travel within the highway right of way but includes the operation of a motor vehicle on private property when such operation is an incident of travel upon the public way. In this he relies primarily on *Schefke* v. *Superior Court,* 136 Cal. App. 2d 715. It was there held that the operation of a motor vehicle on private property where a gasoline service station was located was operation within the purview of the statute extending consent to substituted service of process to actions arising out of collisions occurring "upon the highways of this State * * *."

The court observed that the question is not whether the precise place of operation was within the confines of the highway right of way but whether "the servicing of a motor vehicle in a service station en route is such a necessary incident to its operation that the entry into or exit from a service station must be considered as a part of and incidental to the operation of the vehicle upon the highways. * * * the normal operation of a vehicle includes more than its operation over the highway. It necessarily includes its obtaining the necessary fuel and servicing to operate it." If this view does not reflect the weight of authority, it does, in our opinion, rest upon sound principle and should prevail in this jurisdiction.

The use of privately owned motor vehicles as instruments of mass transportation for the public is a major factor in the maintenance of the economic and social welfare of the nation. Sound public policy requires that statutes directly impinging upon this factor, as does the instant act, be construed in a manner consistent with the welfare of all of the people. Essential to the maintenance of this system of mass transportation are the operations of vast industries developed to provide fuel and service along the highways for the purpose of maintaining such transportation system by insuring the reliability and safety of the vehicles used therein.

Providing this system of public transportation with the fuel and services necessary for the operation of motor vehicles has resulted in a proliferation of physical plants invariably on property abutting the public ways. An integral part of motor vehicle transportation is operation upon private property for the purpose of acquiring merchandise and services of this character. In this circumstance realism demands that we recognize that the concept of operation of a motor vehicle on the highways of necessity cannot be limited so as to exclude therefrom the operation of motor vehicles on private property in appropriate circumstances.

In *Kohanovich* v. *Youree*, 51 Del. 440, the court noted that legislation of this character results from the necessities arising out of the needs of modern travel by the use of the motor vehicle. It further noted that the legislature intended, in providing by statute for substituted service on non-residents, to give a remedy for injuries caused by a non-resident's negligent operation of a vehicle and that such legislation, when being construed by a court, should not unduly restrict the availability of such remedy.

The court went on to say: "The accident occurred on a parking lot of a large industrial establishment located adjacent to a Delaware highway to which the public having business with the concern was invited. * * * Presumably, the accident occurred as a result of an attempt by the defendant to drive his vehicle from the parking lot onto the adjacent highway. We think, therefore, that this accident may fairly be said to have been occasioned as incidental to the use by the defendant of Delaware highways. To hold otherwise, would make the remedy of the statute dependent upon the precise site of occurrence, i.e., within the lateral bounds of a highway right-of-way. Such a drawing of fine lines would defeat the fundamental purpose of the statute, particularly so, as in the instant case, when the moving of the actual point of impact a short distance farther on in

the direction of the highway would have brought it within the scope of the statute." Obviously, the court, in using this language, recognized, first, the sterility of the fine distinctions drawn in these cases between private property and the highway right of way and, second, that the operation on the private property in the circumstances is to be viewed reasonably as constituting an integral part of operation on the highways.

Some question might be raised as to the character of the services of a car wash being incidental to the operation of a vehicle on the public ways. We are unable to concede, however, that such services do not contribute to the reliability and safety of the vehicles used in this form of transportation and, therefore, are by their very nature incidental to the operation of these vehicles upon the public ways as is operation on private property to secure necessary services.

We have not overlooked the contention of the defendants that the rule stated in *Pettine* v. *Tuplin*, 71 R. I. 374, should be applied in the instant case and, if so, would invalidate the substituted service of process on which the plaintiff here relies. With this argument we are unable to agree. In that case the court held that consent given by an owner of a vehicle to its operation on a public highway was not consent to its operation off the public ways. In the instant case there is no question that there was operation of the vehicle on the public ways, which under the statute suffices to give consent to the substituted service of process. The only issue raised by the pleas in abatement in the instant cases is whether an accident occurring on private property may in the context of its circumstances come within the scope of the consent thus given for such service.

In each case the plaintiff's exception is sustained, and each case is remitted to the superior court for further proceedings.

510

*Letts & Quinn, Jerome B. Spunt,* for plaintiff.

*Francis V. Reynolds, Leonard A. Kiernan, Jr.,* for defendants.